Crews *vs.* Heard.

No. 10.—REUBEN J. CREWS, ex'r of CHAS. PHILIPS, deceased, plaintiff in error, *vs.* STEPHEN D. HEARD, adm'r of JOHN NIX, deceased, defendant in error.

[1.] Where P, without authority of law, sold the land of N to P & H, after the death of N, and before administration on N's estate, and received a part of the purchase money therefor: *Held,* that the administrator of N could not maintain an action against P for money had and received to *his use,* nor for the *use of the estate of N;* for the reason that the legal representatives of N had not been deprived of any legal or equitable interest in the land by such unauthorized sale, as would *equitably* entitle them to recover the purchase money therefor.

Assumpsit, &c. in Harris Superior Court. Tried before Judge ALEXANDER, March Term, 1849.

. Stephen D. Heard, as administrator of John Nix, deceased, brought an action against Reuben J. Crews, as executor of Charles Philips, deceased, alleging, that Charles Philips, as the agent of John Nix, then in life, on the 1st of January, 1837, sold to James Harlow and William R. Parker, a tract of land, the property of Nix, and received, as agent, five hundred dollars, in part payment of the same. The object of this action was to recover that amount, with interest.

Crews *vs.* Heard.

The proof varying from these allegations, the plaintiff filed an amendment to his petition, alleging, that on the same day and year, Charles Philips received of Harlow and Parker, the sum of five hundred dollars, *belonging to the estate of John Nix, deceased, to and for the use of said estate,* part of the proceeds of the sale of the tract of land belonging to the estate of John Nix, deceased, sold to Parker and Harlow, by Philips.

The defendant pleaded the general issue and the Statute of Limitations.

On the trial at March Term, 1849, defendant demurred to the amendment filed by plaintiff, on the ground that the facts therein charged, did not show any cause of action in the plaintiff or his intestate, against the defendant's testator.

The Court overruled the demurrer, and the defendant excepted.

The plaintiff offered in evidence, the testimony of William R. Parker, taken by commission, who swore, that Philips, in his lifetime, sold to witness and Harlow, the tract of land described in the petition, in August, 1836, for $1000. " He sold the land as the property of John Nix, deceased. He sold it as the agent of the representatives, either executors or administrators, of the estate of John Nix, deceased. We paid to Philips $500, 1st August, 1836."

The witness farther testified, that the balance of the purchase money had been paid to the representatives of Nix, who had made a deed to the land, and taken up the bond given by Philips.

To this evidence defendant below objected—

1st. Because Parker was an incompetent witness on account of interest.

2d. That the testimony was inadmissible to establish a cause of action against defendant.

The Court overruled the objection, and defendant excepted.

The defendant moved the Court to non-suit the plaintiff, on the ground that the evidence did not show any privity of contract, either express or implied, between the parties; that it did not show that the money sued for belonged to the plaintiff or his intestate. Which motion being refused, defendant excepted.

Temporary letters of administration were granted upon the estate of John Nix, to the plaintiff, on 20th August, 1846, and per-

manent letters on 20th October, 1846.   There was no proof of any previous administration.

There were many other decisions made and excepted to in the Court below, and argued in this Court, but the decision of these points having controlled the case, the others were not considered by the Supreme Court.

R. J. CREWS and DOWNING, for plaintiff in error.

B. HILL, for defendant in error.

*By the Court.*—WARNER, J. delivering the opinion.

[1.] The plaintiff in the Court below, brought his action to recover from the defendant, as the executor of Charles Philips, the sum of five hundred dollars, alleged to have been paid to the defendant's testator, *for the use of the estate* of John Nix, deceased, for a tract of land sold by the defendant's testator to Harlow and Parker, after the death of Nix, and before administration on his estate.   After the evidence for the plaintiff was submitted to the Jury, the defendant moved the Court for a non-suit, upon the ground that no cause of action had been shown thereby, which would entitle the plaintiff, in law, to recover against him.

The motion for a non-suit was overruled by the Court, and the defendant excepted.

The question which must control this case is, as to the legal right of the plaintiff to recover, from the defendant, upon the facts stated in the record.

The facts upon which the plaintiff relies for a recovery are, that Charles Philips, the defendant's testator, in the month of August, 1836, bargained and sold to Parker and Harlow, a tract of land, in Monroe County, in this State, as the property of John Nix, deceased—the land was sold by the defendant's testator as the agent of either the executors or administrators of John Nix, deceased—and received from Parker and Harlow five hundred dollars, as part of the purchase money.

This money, so received by Philips for the land, the plaintiff, as the administrator of Nix, alleges was received for *his use,* or for the *use of the estate* of John Nix, deceased.   The general rule of law undoubtedly is, that whenever the defendant has received

Crews *vs.* Heard.

money, which is the *property of the plaintiff*, and which the defendant is obliged, by the ties of natural justice and equity, to refund, it may be recovered from him in an action for money had and received, to the *plaintiff's use*.

What equitable right to the money paid to Philips by Parker and Harlow, has the legal representative of Nix? The title to the land is now in the legal representatives of Nix, notwithstanding the pretended sale of Philips to Parker and Harlow, after the death of Nix. The land was sold in 1836, and there was no administration on Nix's estate until 1846; consequently Philips could not have acted as the agent of the administrator of Nix in making sale of the land, even if the administrator could have delegated to him the power to make such a sale. The estate of Nix has not been deprived of any interest in the land which would give to the plaintiff, as his administrator, an *equitable* right to recover the money paid to Philips. For what *consideration* is the legal representative of John Nix, deceased, *equitably* entitled to recover the five hundred dollars paid by Parker and Harlow to Philips? Certainly not for the land, for the legal representatives of Nix have as perfect and valid title to the land now, as he had at the time of his death. The sale by Philips to Parker and Harlow of the land, after the death of Nix, did not, in any manner, divest Nix's legal representatives of the title thereto. The sale of the land by Philips, was not only made without authority of law, but in express violation of the Statutes of this State, prescribing the manner in which the real estate of deceased persons shall be sold and conveyed. We cannot, even impliedly, sanction the legality of the sale of the land by Philips to Parker and Harlow, by holding that Philips received any part of the purchase money therefor, *for the use* of the legal representative of John Nix, the decedent. The estate of John Nix, deceased, has not been injured, nor has his legal representative been deprived of any right or interest with respect to the land sold by Philips without authority of law, and, consequently, has no legal or equitable right to recover the money paid to Philips by Parker and Harlow.

Whether Parker and Harlow have not the *equitable* right to recover the money paid to Philips for land to which they acquired no title, and which he had no legal authority to sell to them, is a question which will be decided whenever it shall be presented.

As the view which we have taken of this case necessarily disposes of it, we have not considered the various other points made in the record.

Let the judgment of the Court below be reversed.