# MAYOR AND ALDERMEN OF THE CITY OF SAVANNAH
## v. STANDARD FUEL SUPPLY COMPANY.

1. Where a tenant of a tract or strip of land during a term of years
laid down blocks of stone, so as to compose or make a pavement ren-
dering access to the premises by vehicles conveying loads more easy
and convenient, the pavement was not removable as a trade fixture.
2. Even though occupancy by a tenant holding under a lease for a term
of years is notice to one purchasing from the landlord the leased prem-
ises, it is not notice of the right on the part of the tenant to remove
permanent fixtures placed upon the premises by the tenant before the
10

sale by the landlord, there being no reference in the written lease, afterward assigned to the purchaser, of the agreement between the landlord and the tenant, giving the latter the right to remove the fixtures.

No. 1903. FEBRUARY 18, 1921.

Petition for injunction. Before Judge Meldrim. Chatham superior court. December 26, 1919.

The Mayor and Aldermen of the City of Savannah filed its petition against Standard Fuel Supply Company, wherein it is alleged that the municipality is the owner in fee of a certain described tract or lot of land; and that the defendant, tenant in possession, is threatening and proposing to remove from said property certain pavement belonging to the plaintiff, consisting of paving blocks described, covering a strip of land 304 by 25 feet, to the injury and damage of petitioner in an amount equal to the value of the paving stone, some $2,000. The petitioner prayed for injunction to prevent the defendant from removing or interfering with the pavement. The defendant admitted that it was in possession as tenant under a lease from the predecessor in title of petitioner, the grantor in the deed under which the city held title; and that that lease was executed in 1909. It claimed that the pavement was a trade fixture, and that it had the right to remove the same; that the area over which the stones were laid for the pavement was the necessary approach to the wharf on which it unloaded and stored sand, and that it was necessary for its purpose that it should be able to run its teams over the hard surface rather than on the ground, and that for this reason the stone blocks were laid as a pavement; that the pavement was put down in the year 1914, and upon express agreement between the defendant and its landlord, the predecessor in title of the petitioner, that the defendant could, at the expiration of the lease, remove the pavement. At the hearing evidence was submitted by both plaintiff and defendant. The court rendered its judgment refusing the interlocutory injunction, and the plaintiff excepted.

*Shelby Myrick* and *Edwin A. Cohen,* for plaintiff.

*Osborne, Lawrence & Abrahams,* for defendant.

BECK, P. J. (After stating the foregoing facts.) Under the pleadings and the facts in the record the city was entitled to an injunction restraining the defendant from removing the pavement or paving blocks. The written lease under which the defendant held the premises in dispute expired January 1, 1919. There was an agreement between the agent of the owner of the property at that

time and the tenant, that the latter should continue in possession for another year. On August 13, 1919, the owner of the property sold it to the city and executed a deed of conveyance. During the existence of the original lease and in the year 1914 the tenant had laid down the pavement in question under an express agreement with the landlord that when the lease expired the tenant should have the right to remove the blocks constituting the pavement; and the defendant now insists that both on the ground that such a pavement, under the facts stated, was a trade fixture, and under the terms of the express agreement as to the removal of the pavement, it should have the right to remove the same.

The pavement which the defendant proposes to remove can not be regarded as a trade fixture; and it is unnecessary to enter here upon a discussion of trade fixtures. or attempt a definition of the same, for the purpose of showing that the payment falls in none of the recognized definitions. Questions similar to this have been discussed in several Georgia cases. See *Wright* v. *DuBignon,* 114 *Ga.* 765 (40 S. E. 747, 57 L. R. A. 669), and the cases there cited; *Brigham* v. *Overstreet,* 128 *Ga.* 447 (57 S. E. 484, 10 L. R. A. (N. S.) 452, 11 Ann. Cas. 75). Under the provisions of the Civil Code, § 3621, it is declared that " Anything intended to remain permanently in its place, though not actually attached to the land, such as a rail fence, is a part of the realty and passes with it." Section 3695 of the Civil Code declares: " The tenant can not cut or destroy growing trees, remove permanent fixtures, or otherwise injure the property." And in section 3617 it is declared that realty includes all lands and the buildings thereon, and all things permanently attached to either. Taking into consideration these sections and the discussions in the above cases and authorities there cited, it is clear that a fixture permanently attached to the land, such as a pavement, is not removable under the right to remove trade fixtures.

Nor could the tenant in this case remove the pavement because of an express agreement with the owner of the property from whom the tenant leased it, after the sale of the property to the city, without showing that the city had notice, before or at the time of the purchase, of the claim of right on the part of the tenant to remove the pavement. The agreement between the owner of the property and the tenant, the defendant, was not included in the written lease which was assigned to the city, but was entered into after the execu-

tion of the lease, through a correspondence between the tenant and the agents of the owner; the city had no knowledge of the agreement contained in this correspondence before its purchase of the property. It is urged by defendant in error, however, that possession by the tenant of the premises and knowledge on the part of the city of the possession of the tenant was notice of the rights of the tenant under the agreement with the owner to remove the pavement, and in support of this contention reference is made to section 4528 of the Civil Code, which reads as follows: " Possession of land is notice of whatever right or title the occupant has. Possession by the husband with the wife is presumptively his possession, but it may be rebutted." The case of *Garbutt* v. *Mayo,* 128 *Ga.* 269 (57 S. E. 495, 13 L. R. A. (N. S.) 58), construing this code section is also cited. In that case the court said: " Possession of land is notice to the world of every right that the possessor has therein, legal or equitable." And it is urged that there is no reason why the statute cited should not cover the case of a lessee; that he is the occupant of the premises and has a right in them. To most of this we agree; but not to the proposition that the statute quoted is applicable to the issue made in this case. Where a tenant is in possession under a lease for a term of years and the landlord conveys to a third party, the statute makes the tenant's possession of the land notice to the purchaser of the length and duration of the term of tenancy; but it does not follow that that possession is notice of the tenant's claim of right in regard to every separate appurtenance or incident to the property. The possession of land is notice of " whatever right or title the occupant has;" to which should be added " in the land." But it is not notice of exceptional rights claimed in particular parts of the land that differ from his general right. Suppose, for instance, that a tenant for a term of years should enter into an agreement with his landlord, under the terms of which the tenant would set out in various parts of the land rented a large number of trees, consisting of shade-trees and fruit-trees, and under the terms of this agreement the tenant should have the right at the expiration of the lease, upon his removal from the premises, to take and remove all of the shade-trees on a designated part of the land, and one third of the fruit-trees. This would be an agreement enforceable as against the landlord; and though these became a part of the realty, the landlord could not prevent the removal of them.

But could it be insisted that if the landlord sold the property to a third person during the continuance of the lease, the tenant, as against the third person, would have the right to remove those trees although the purchaser had no notice of this exceptional privilege which was reserved? If so, a purchaser of land in possession of a tenant would be compelled to make inquiries of varied and extensive scope, or otherwise be concluded as to an agreement between the tenant and the landlord concerning the right of the tenant to remove fixtures. We do not think that mere knowledge upon the part of the city of the occupancy of the premises in controversy by the defendant under a lease put the city upon notice of the agreement between the landlord and the tenant as to the removal of permanent fixtures.

It follows from what we have said that the court should have granted the interlocutory injunction.

*Judgment reversed. All the Justices concur.*