### 13864.   HAMMOND *v.* DRIVER.

BELL, J.   1. In the absence of an express contract providing for such right, a tenant has no right to remove from the premises manure produced in the usual course of husbandry upon the farm during his tenancy, as such manure becomes appurtenant to and is treated as a part of the realty. *Brigham* v. *Overstreet,* 128 *Ga.* 447 (5) (57 S. E. 484, 10 L. R. A. (N. S.) 452, 11 Ann. Cas. 75).

2. Although occupancy of premises by a tenant is notice to a purchaser from his landlord of the rights of the tenant which are generally incidental to the relation, it is no notice of the exceptional right of the tenant to remove manure produced in the usual course of husbandry and constituting a part of the realty. *Mayor &c. of Savannah* v. *Standard Fuel Supply Co.,* 151 *Ga.* 145 (2) (106 S. E. 178, 13 A. L. R. 1451).

3. This was an action for damages by the vendee of the landlord against the tenants of the latter and two others, for the removal of manure produced during the period of the tenancy, upon the premises· purchased. The jury found a verdict in favor of the defendants, and the plaintiff excepts to the overruling of her motion for a new trial. Applying the principle of the preceding paragraphs, the charge as complained of in ground 3 of the amendment to the motion was erroneous.

4. Under the particular facts of this case the court did not err, in the absence of a timely and appropriate request, in failing to instruct the jury that they might find against some of the defendants and not as to others, according to their opinion of the evidence. The plaintiff was proceeding upon the theory that all of the defendants were liable

alike as joint tort-feasors, and it was not incumbent upon the court voluntarily to protect her against the danger of a joint verdict (*Finley* v. *Southern Railway Co.*, 5 *Ga. App.* 722 (3), 64 S. E. 312), unsupported as to some of the defendants included therein. The court's failure to charge was consistent with the contention of the plaintiff during the trial, and affords her no ground of complaint. The charge should have been requested, if desired.

5. None of the other assignments show error. Solely for the error referred to in paragraph 3 above, the motion for a new trial should have been granted.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED APRIL 18, 1923.

Complaint; from Polk superior court — Judge Irwin. June 7, 1922.

*Griffin & Matthews,* for plaintiff.

*Edwards & Edwards, C. N. Driver, I. N. Chency,* for defendant.