## 18260.　DRIVER et al. v. HAMMOND.

STEPHENS, J.　1.　In the absence of proof to the contrary, a purchaser of land under a bond for title is presumably in possession.　Since a tenant claims no title in the land, his possession is necessarily that of the true owner, and since the tenant of the vendor becomes the tenant of the purchaser upon the latter's taking possession, the possession of the tenant is necessarily the possession of a purchaser who takes possession under a bond for title.

2.　This being a suit to recover damages for an alleged trespass upon land, to wit the removal by the defendants of manure from the premises, and it appearing, under the above rulings applied to the undisputed facts in evidence, that at the time of the alleged trespass, which was committed while the land was occupied by tenants who had entered under the vendor, the plaintiff, as the purchaser under a bond for title, was in possession of the land, she was entitled to maintain the suit.

3.　The law of this case having been otherwise settled in *Hammond* v. *Driver*, 30 *Ga. App.* 216 (117 S. E. 264), the trial judge did not err, as against the defendants, in directing the jury to find for the plaintiff in whatever amount, it appeared from the evidence, represented the plaintiff's damage.

4.　The evidence authorized the verdict in the amount found for the plaintiff, and the court did not err in overruling the defendant's motion for a new trial.

　　　　　*Judgment affirmed.　Jenkins, P. J., and Bell, J., concur.*

　　　　　　DECIDED FEBRUARY 18, 1928.

Damages; from Haralson superior court—Judge Irwin.　December 31, 1926.

*J. S. Edwards,* for plaintiffs in error.

*Griffith & Matthews,* contra.

---

Appeal and Error, 4 C. J. p. 1215, n. 91.
Evidence, 22 C. J. p. 125, n. 60.
Landlord and Tenant, 35 C. J. p. 1212, n. 3; p. 1214, n. 54.
New Trial, 29 Cyc. p. 821, n. 36.
Trespass, 38 Cyc. p. 1016, n. 59.