## ATLANTA TRUST COMPANY *v.* FEDERAL LAND BANK OF COLUMBIA *et al.*

No. 14340.   NOVEMBER 10, 1942.   REHEARING DENIED DECEMBER 3, 1942.

*Alex M. Hitz,* for plaintiff.

*Harry D. Reed* and *G. Stokes Walton,* for defendant.

GRICE, Justice.   On the same day, McArthur made two security deeds to Atlanta Trust Company, each containing a power of sale, conveying the same land, one to secure a debt of forty thousand dollars and the other a debt of five hundred dollars.   Both were recorded on the following day.   The instrument last referred to contained a general covenant of warranty, excepting only the other deed between the same parties, a statement that it was made subject to the other deed, and that it was agreed that the title thereby conveyed shall not merge with the title conveyed by the other deed.   Thereafter Atlanta Trust Company delivered to Metropolitan Life Insurance Company its deed whereby it conveyed to the latter all its rights, title, and interest in and to the deed first mentioned, to wit, the one securing the forty thousand-dollar loan, also the indebtedness thereby secured, and all its right, title, interest, property and possession, claim or demand, at law or in equity, of, in, and to the real estate described therein.   At a later date the Metropolitan Life Insurance Company foreclosed the forty thousand-dollar security deed by exercising the power of sale contained in the deed, and at the sale purchased the property.   Subsequently

the Metropolitan agreed to sell a portion of the land to McArthur, who thereupon made application to the Federal Land Bank of Columbia and to the land bank commissioner for a loan or loans of $21,000, the proceeds of which, after payment of the expenses of obtaining the loans, were to be used to pay Metropolitan for the purchase-price. The loans were made, one for $11,900, the other for $5000. Drafts for $14,482.19 were delivered to and accepted by Metropolitan as the purchase-price, and it made to McArthur a deed to the land so purchased. $18.75 of the $5000 loan was used to pay title insurance. Of the $11,900 loan, $2399.06 were used as follows: $595 to pay for stock in National Farm Loan Association, $1500 to build a tenant-house and barn and for repairs to buildings, $48.06 for title insurance, and $256 for loan expenses. McArthur, as a part of the entire transaction, executed and delivered to Federal Land Bank notes for $11,900, and to the land bank commissioner notes for $5000, and also his deeds as security for these loans. Because of various defaults under the terms of the loan contracts, the land bank, owner of the $11,900 loan papers, and the Federal Farm Mortgage Corporation, which had in the meantime acquired the interest of the commissioner in the $5000 loan papers, foreclosed, the sale being made by the land bank as attorney in fact for McArthur, the mortgage corporation being the purchaser for $14,000. The land bank, after paying from the $14,000 the cost of advertising, $16, and taxes, $124.50, applied $9859.50 toward the payment of the purchase-money portion of the $11,900 loan, plus interest on the same, together with advances for taxes and insurance premiums and interest, and permitted the mortgage corporation to retain $4000 of its $14,000 bid, without actual transfer and payment of the money. McArthur's personal liability on his note to secure which the $500 security deed was given is not legally enforceable, because he has obtained a discharge in bankruptcy.

Under this state of facts the Atlanta Trust Company insists that while it is in the position of being subordinated to the actual purchase-money advanced by the Federal Land Bank, it has a superior claim to the non-purchase-money advanced for the other purposes set forth above. This insistence embodies the contention that when the Federal Farm Mortgage Corporation became the successful bidder at the foreclosure sale, it thus acquired the fee-simple

title, subject only to the Atlanta Trust Company's lien, and that at that instant the title it held under its security deed became merged into the greater title, to wit, the fee-simple title it acquired at the sale, subject only to the claim of the Atlanta Trust Company under the latter's $500 security deed, and that as a result the title held by the mortgage corporation under its security deed became extinguished.

The position of the Atlanta Trust Company can not be sustained. There is no attack on the validity of the sale exercised under the power of sale and the purchase thereat by the Federal Farm Mortgage Corporation; and the case falls within the general rule that a sale under a regularly exercised power in a security deed is equivalent to a foreclosure proceeding, and divests all junior encumbrances. *Mutual Loan & Banking Co.* v. *Haas,* 100 *Ga.* 111 (27 S. E. 980, 62 Am. St. R. 317); *Seymour* v. *National B. & L. Association,* 116 *Ga.* 285 (42 S. E. 518, 94 Am. St. R. 131). The doctrine that an after-acquired title of a grantor inures to the benefit of his grantee has no application under the facts of this record. Here, that one of the two security deeds given to the Atlanta Trust Company included a provision that it was made subject to the other one of even date, given to the same grantee, covering the same property, and therefore the case is to be distinguished from *Bowlin* v. *Hemphill,* 180 *Ga.* 435 (179 S. E. 341), a decision by four Justices. *Thomas* v. *Hudson,* 190 *Ga.* 622 (10 S. E. 2d, 396), also a decision by four Justices, presented a state of facts entirely different from those in the instant case; and nothing there held sustains the plaintiff in error in the application it seeks to make of the principle there announced. Nor does the decision in *Perkins* v. *Rhodes,* 192 *Ga.* 331 (15 S. E. 2d, 426), by five justices, constrain us to hold that the lien of the smaller in amount of the security deeds given by McArthur to the Atlanta Trust Company attached so soon as the title again reached McArthur. The ruling there was that a conveyance by which the grantor transfers "his bond for title interest" in the land described, together with all of his "right, title, and interest" therein, for the purpose of securing a debt owing by him to the grantee, is one under which the after-acquired independent title inures to the benefit of the grantee, and the grantor and those holding under him are estopped thereafter to claim such after-acquired title as

against such grantee, when the debt so secured remains unpaid. This was true although such conveyance contained no express covenant of warranty. The principle there rested on estoppel. The same principle will prevent the Trust Company from here invoking the rule, because it conveyed to Metropolitan all of the Trust Company's "right, title, interest, property and possession, claim or demand, at law or in equity, of, in, and to the real estate and other property described" in the forty thousand dollar security deed. Also, it is to be noted that there was not in the *Perkins* case, supra, as here, a recital in the junior paper that it was subject to the prior one.

The plaintiff in error relies on *Federal Land Bank* v. *Bank of Lenox,* 192 *Ga.* 543 (16 S. E. 2d, 9), another decision by five Justices. It was there held by a majority of this court that under the facts of that record, where a grantor executes a junior mortgage or security deed which, while referring to a senior mortgage or security deed, purports to convey the property itself, and contains a covenant of warranty against himself and all other persons, and where the senior lienholder buys in the property at a sale under a power in its security deed, and conveys the property back to the original grantor, the title or lien of the junior incumbrance, as against the original grantor and his privies with notice, is not extinguished, but subsists as a priority or first lien. In that case the recital in the junior security deed merely was that "it is agreed and understood that the Metropolitan Life Insurance Company holds first-mortgage deed on the above-described tract in the amount of $6,000." Here the recital is that "this deed is made subject to a prior encumbrance upon said property," consisting of the $40,000 deed to Atlanta Trust Company. That this distinction is a vital one was recognized in the *Bank of Lenox* case; for in the opinion it was said: "It might well be argued that where a conveyance by its terms is made 'subject to' a previous incumbrance, this must be taken as purporting to be, not a full conveyance, but a restricted conveyance, and as equivalent to no conveyance at all in so far as the interest covered by such previous incumbrance is concerned." This comparison is again brought out in the opinion, in the following language: "The deed to Bank of Lenox merely made proper mention of the existence of a prior mortgage deed. In no wise did it indicate that an estate less than

the fee, which the language purported to convey, was what was really intended to be conveyed; nor, as was true in the case cited in the dissent in the *Bowlin* case, did it contain any words having the legal effect of *limiting* the conveyance to less than the fee, which had been clearly expressed. Where a deed otherwise purports to convey the fee, and contains no words such as would impose a limitation as to the quantum of the estate conveyed, a clause which does nothing more than inform the grantee that there is a prior mortgage or security deed on the property, and states that it is understood and agreed that such is the case, can not properly be construed as cutting down the quantum of the estate sought to be conveyed." Again, it was stated in the opinion: "The security deed conveying full title to the Bank of Lenox, even had there been no unlimited warranty of title, clearly implied that the grantor would pay his own prior indebtedness and thereby clear the incumbrance, and not that he was turning the property loose on such second grantee with the burden on the latter to pay the debt in order to obtain a good title to what had been conveyed. The instrument contained nothing to show that the grantor expected to be relieved of this obligation, or that the second grantee intended to assume it, or even to have the burden of discharging it in order to protect his title, as between the immediate parties." Finally on this subject it was stated, with reference to the rule concerning after-acquired title: "Nor, as has already been discussed, would it be necessary to adjudicate that the rule would have application where the conveyance does not purport to cover the full title, but is made 'subject to' a designated prior estate or claim. *Williams* v. *Foy Mfg. Co.,* 111 *Ga.* 856 (3) (36 S. E. 927); *Citizens Bank of Moultrie* v. *Taylor,* 155 *Ga.* 416 (117 S. E. 247); *Smith* v. *Farmers Bank,* 165 *Ga.* 470 (141 S. E. 203); *Bowlin* v. *Hemphill,* supra."

In the *Bank of Lenox* case the junior deed contained an unlimited warranty. In the instant case the covenant of warranty was unlimited, "excepting only the incumbrances hereinafter referred to," to wit, the $40,000 deed to Atlanta Trust Company. As to this, the opinion in the *Bank of Lenox* case said: "While our decision might properly be grounded solely on the doctrine of estoppel, as in the *Bowlin* and *Perkins* cases, it is not necessary to do so, for the reason, as stated, that the junior security deed in

this case not only conveyed the title to the land itself absolutely, and not 'subject' to the senior lien, but contained an express covenant of unlimited warranty." Then followed a citation of authorities as to unlimited warranties. Lastly, it is to be noted that in the deed involved in the *Bank of Lenox* case there was no provision as to merger, or the absence of it.

In the deed in the present record there is a statement to the effect that it is distinctly contracted and agreed that the title therein conveyed shall not merge with the other title. Even in the absence of such an agreement as that last referred to, it may be doubted whether the two estates were merged, since "The doctrine of merger of estates is designed primarily for the benefit of one who acquires an interest in property greater than he possessed in the first instance, and will not be held to apply against his will to his disadvantage." *Seaboard Air-Line Ry.* v. *Holliday,* 165 *Ga.* 200 (140 S. E. 507) ; *Pope* v. *Hammond,* 168 *Ga.* 818 (149 S. E. 204) ; *Landrum* v. *Carey,* 185 *Ga.* 76 (3) (194 S. E. 362).

It is unnecessary to determine whether what has been referred to as the junior security deed conveyed the legal title or only the equity of redemption, as the same result must follow in either instance.

Under the agreed statement of facts the plaintiff in error was not entitled to any of the relief sought.

*Judgment affirmed. All the Justices concur.*