39895. RICHARDSON et al. v. LAMPLEY et al.

NICHOLS, Presiding Judge. The plaintiffs, a partnership, sued the defendants to recover certain moneys allegedly had and received by the defendants from the United States Govern-

ment from the sale of the plaintiffs' property by the defendants. The petition alleged that the defendants leased to a partnership, to which the plaintiffs are successors, a certain tract of land for five years with an option for an additional five years with the right under such lease to construct buildings on such property and to remove them upon the termination of the lease or extensions thereof, that the option was exercised by the plaintiffs and a written extension entered into, and that after the expiration of the ten year period the same was extended from year to year, that while the rent was paid the defendants sold the buildings built by the plaintiffs to the United States Government well knowing that title to such buildings was in the plaintiffs and that the defendants failed and refused to pay the proceeds of such sale over to the plaintiffs although the plaintiffs have demanded that they do so. The defendants demurred generally and specially to the plaintiffs' petition. The trial court sustained the defendants' general demurrer, dismissed the petition and the plaintiffs assign error on such judgment adverse to them. *Held:*

Assuming but not deciding that an action for moneys had and received will lie against a landlord by a tenant where the landlord sells property belonging to his tenant to a third party, yet unless the sale is one where the tenant's title is transferred to the purchaser the tenant has not been harmed by any purported sale by the landlord. Where the tenant is in possession of property the purchaser of such property takes subject to the tenant's rights and where a tenant is holding under a written lease the landlord's vendee takes subject to the terms of such written lease and, while the vendee is not put on notice of secret agreements not a part of the lease, he is bound by the written provisions thereof. *King & Prince Surf Hotel v. McLendon,* 74 Ga. App. 805 (41 SE2d 556) ; *Stepp v. Richman,* 75 Ga. App. 169, 171 (42 SE2d 773) ; *Mayor &c. of Savannah v. Standard Fuel Supply Co.,* 151 Ga. 145 (106 SE 178, 13 ALR 1451) ; *Copelin v. Williams,* 152 Ga. 692 (111 SE 186) ; *Crews v. Heard,* 7 Ga. 60; 21 R. C. L. 923.

The petition in the present case is silent as to whether the extensions of the written lease were oral or written, as to whether the plaintiffs were in actual possession and as to whether the buildings had in fact been severed from the realty at the time of the sale. Construing the petition most strongly

against the pleader, as must be done when considering a general demurrer, it must be assumed that the plaintiffs were in possession of the leased premises, that the extensions of the lease were in writing and that the buildings were attached to the realty, there being no allegations to the contrary. Under such circumstances the landlord could not, in so far as the tenant is concerned, sell the buildings while the tenant was in possession so as to divest the tenant of any title he held under a written lease. The purported sale by the defendants has in no way harmed the plaintiffs and the judgment sustaining the general demurrer to their petition must be affirmed.

*Judgment affirmed. Frankum and Jordan, JJ., concur.*

DECIDED JANUARY 30, 1963—
REHEARING DENIED FEBRUARY 26, 1963.

*T. T. Molnar,* for plaintiffs in error.
*Jesse G. Bowles,* contra.