## 49163, 49164. FIRST FEDERAL SAVINGS & LOAN ASSOCIATION OF ATLANTA v. SHEPHERD; and vice versa.

QUILLIAN, Judge.

This was a dispossessory proceeding brought to remove the appellee from certain property as a tenant at sufferance and to put appellant in possession.

The affidavit for a dispossessory warrant alleged that appellee was in possession, as a tenant at sufferance, of a certain property to which the appellant had acquired title by foreclosure under the power of sale contained in a deed to secure debt. The affidavit also set forth that appellant had made demand for possession.

The answer of the appellee alleged that no legal demand for possession had been made and attacked the constitutionality of the power of sale provisions as

authorized by various Georgia laws and the deed to secure debt. Upon motion the court struck the constitutional defense. The court further ordered the appellee to pay $180 into registry of the court, being $90 each for the months of August and September, and to continue to pay $90 per month into the registry of the court on the first day of each succeeding month thereafter until final disposition of the case.

The case came on for trial before the court without a jury, at the conclusion of which the trial judge held that appellant was entitled to possession. The court further decided that the previous order of the court requiring payments by appellee into the registry was beyond its authority and ordered such funds disbursed to appellee's attorney of record.

Within the time provided by law, appellee filed motions for judgment notwithstanding the verdict and for a new trial. The orders entered setting a hearing on the motions provided the orders would act as a supersedeas. Appellant, unsuccessful in obtaining a writ of possession because of the supersedeas, obtained an order requiring appellee to continue monthly payments into the registry. Thereafter, appellant filed a motion for partial new trial limited to the issue of the disbursement of funds as previously ordered.

All motions were denied by the court, and the case is here for review. *Held:*

1. The appellee, cross appellant in Case 49164, contends that the trial judge erred in granting the appellant the right of possession of the property because she leased the property from a third person and therefore there was no landlord tenant relationship between her and the appellant. The appellee leased the property subsequent to the time the security deed was executed and therefore had constructive notice of the appellant's right to terminate the lease. *Chason v. O'Neal,* 158 Ga. 725, 733 (124 SE 519). When the appellant exercised the power of sale in the security deed the appellee became a tenant at sufferance of the appellant who was entitled to maintain a statutory eviction proceeding against the appellee. *Williams v. Federal Land Bank of Columbia,* 44 Ga. App. 606 (162 SE 408); *Carlton v. Hibernia Savings,*

*Building &c. Assn.,* 185 Ga. 425 (1) (195 SE 764). The granting of the right of possession was not error. Code § 61-301.

2. Where the issue of the right of possession can not be finally determined within one month of the filing of the original affidavit the tenant "shall be required to pay [rent] into the registry of the trial court" as provided by Code § 61-304, as amended (Ga. L. 1970, pp. 968, 970).

After a judgment of the right of possession against the tenant a judgment should be entered against the tenant for all rents due. Code § 61-305, as amended (Ga. L. 1947, p. 657; 1970, pp. 968, 971).

*Judgment reversed on the main appeal; judgment affirmed on the cross appeal. Bell, C. J., and Clark, J., concur.*

ARGUED MARCH 4, 1974 — DECIDED APRIL 4, 1974 —
REHEARING DENIED APRIL 29, 1974 —

*Hatcher, Meyerson, Oxford & Irvin, Paul E. Pressley,* for appellant.
*Robert T. Efurd, Jr., W. C. Dominy,* for appellee.