## 59632. WRIGHT v. HOME BENEFICIAL LIFE INSURANCE COMPANY.

SMITH, Judge.

This is an action for a dispossessory warrant. Appellant, defendant below, enumerates as error the trial court's grant of appellee's motions for summary judgment on the dispossessory warrant and also as to his counterclaims. We affirm.

Appellant entered into a 15-year lease in 1973 with Clairmont Development Company. Subsequent to the execution of the lease, Clairmont obtained a loan from appellee. Appellee took a note for the amount of the debt and a deed to secure debt on property including the subject premises. Appellee also took an "assignment of leases, rents and profits" as further security. Clairmont defaulted on its indebtedness and the deed to secure debt was foreclosed at a judicial sale. Shortly thereafter, appellant received notice of the foreclosure and sale and was informed that his lease had been terminated by the foreclosure.

The present action commenced when appellant refused to surrender the premises. Appellee contended that the lease had been terminated by the foreclosure and that appellant was a tenant at sufferance. Appellant denied he was a tenant at sufferance and asserted that he was entitled to the premises for the remainder of the lease.

1. Clause 23 of appellant's lease provides: "Tenant's rights shall

be subject to any bona fide mortgage or deed to secure debt which is now, or may hereafter be, placed upon the premises by Landlord." Appellant contends that the trial court's decision subordinating his lease to appellee's later-executed deed to secure debt constituted an improper forfeiture of his interests and violated public policy. We cannot agree.

When a lessee leases property subsequent to the execution of a deed to secure debt and the grantee of such deed exercises the power of sale, the lessee becomes a tenant at sufferance, and the party acquiring title by foreclosure is entitled to maintain a statutory eviction proceeding against the tenant. *First Federal Savings &c. Assn. v. Shepherd,* 131 Ga. App. 692 (1) (206 SE2d 571) (1974). However, "[w]here the lease antedates the mortgage [or deed to secure debt], a sale of the demised premises on foreclosure will not operate to terminate the lease." 51C CJS 307, Landlord & Tenant, § 93 (5); *Richardson v. Lampley,* 107 Ga. App. 395 (130 SE2d 268) (1963). Although antedating appellee's deed to secure debt, the lease was made "subject to" any future deed to secure debt. Therefore, appellant's interest in the premises was terminable by the exercise of the power of sale contained in any such deed. *Williams v. Federal Land Bank,* 44 Ga. App. 606 (162 SE 408) (1931); see *Atlanta Trust Co. v. Federal Land Bank,* 195 Ga. 142, 146-147 (23 SE2d 430) (1942); Bank of America v. Hirsch Mercantile Co., 64 Cal. App. 2d 175 (148 P2d 110) (1944).

A subsequent deed to secure debt and resulting subrogation of the lease which were expressly provided for in the lease do not constitute a "forfeiture." See *Interstate North v. Hensley-Schmidt,* 138 Ga. App. 487 (3) (226 SE2d 315) (1976). Nor does public policy prohibit such a subrogation agreement. See *Mitchell v. West End Park Co.,* 171 Ga. 878 (1b) (156 SE 888) (1930). Appellant's contention is therefore without merit.

2. Appellant asserts that the trial court erred in not enforcing a landlord-tenant relationship between himself and appellee which allegedly arose from the assignment agreement between Clairmont and appellee. In effect, appellant contends that the assignment of leases, rents and profits amounted to a transfer of Clairmont's entire interest in the property to appellee. This contention is without merit. What appellee received by this assignment was merely additional security for the indebtedness — a chose in action in the event of default, *Padgett v. Butler,* 84 Ga. App. 297 (1) (66 SE2d 194) (1951), and a degree of control over any changes in the terms of existing leases.

The instant case is distinguishable from those relied upon by appellant in which the landlord parted with his reversionary interest

in the property. See *Lewis v. Storch,* 120 Ga. App. 85 (169 SE2d 726) (1969); *Richardson v. Lampley,* supra; *Baxley v. Davenport,* 75 Ga. App. 659 (44 SE2d 388) (1947). Since Clairmont retained its right of redemption on payment of the debt, no landlord-tenant relationship arose between appellant and appellee. See *Gay v. American Oil Co.,* 115 Ga. App. 18 (153 SE2d 612) (1967).

3. Appellant further contends that certain genuine issues of fact remain unresolved, resulting in an improper grant of summary judgment as to his counterclaims. However, "appellant's argument is not directed to any error of law appearing on the face of the record and is meritless." *Mills v. Federal Land Bank,* 149 Ga. App. 600, 601 (255 SE2d 77) (1979).

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

ARGUED MARCH 12, 1980 — DECIDED JULY 11, 1980 —

*J. Vincent Cook,* for appellant.
*Walter C. Alford,* for appellee.