41309. LUNSFORD v. INCOME PROPERTIES, INC. et al.
(325 SE2d 590)

MARSHALL, Presiding Justice.

The plaintiff Joel Lunsford brought this dispossessory action against the defendants Income Properties, Inc., and Hugh Hunter as tenants holding over. Suit was initially brought in the State Court of Fulton County, but the plaintiff removed the case to superior court because the defendants' response to the complaint led the plaintiff to request equitable relief.

The plaintiff holds title to the property under a 1976 foreclosure deed obtained by exercising a power of sale contained in a 1973 security deed. Plaza Capital, Inc., and Hugh Hunter are the grantors of the foreclosed security deed. Under a lease executed in 1972, Plaza Capital, Inc., was the lessor, and Income Properties, Inc., was the lessee. Hunter is a principal officer, shareholder, and director of both corporations.

The parties argue as follows: The defendants contend that their right of possession is superior to the plaintiff's under the terms of the 1972 lease, because it predates, and is therefore superior to, the foreclosed security deed. In addition, the defendants argue that they have a continual option to renew the lease at a 10% increase of the initial rental for each successive five-year period "until such a time that Tenant gives Landlord notice to vacate said premises of their own will."

The plaintiff argues that his 1973 security deed was a consolidation of prior loan deeds and, therefore, has priority over the defendants' lease. In addition, the plaintiff's evidence shows that the defendants' lease expired by its terms in 1982; however, after this suit was commenced, the defendants tendered to the plaintiff, and they recorded, a separate document containing the option to renew. The plaintiff further argues that the rental currently being paid by the defendants is well below market value, and under all of these circumstances it would be unconscionable to allow the defendants to remain on the property in perpetuity if they so wish.

At a jury trial, the trial judge sustained objections to questions posed to an attorney concerning his discussion with the defendants of the terms of the loan transactions and lease. Following the close of the evidence, the trial judge directed a verdict in favor of the defendants. *Held:*

For reasons which follow, we reverse the entry of the directed verdict in favor of the defendants.

1. The general rule is that a senior lienholder can foreclose on the property and obtain title free of a junior encumbrance. *Murray v. Chulak*, 250 Ga. 765, 771 (300 SE2d 493) (1983) and cits. Conversely, the junior lien generally cannot be foreclosed unless the junior lienholder satisfies (or pays) the senior lien. See *Hampton v. Gwinnett Bank &c. Co.*, 251 Ga. 181 (304 SE2d 63) (1983) and cits. It is also true that "[t]he rights of a lessee are superior to subsequent encumbrances against the premises, but inferior to those existing at the [commencement] of the lease." Pindar, Ga. Real Est. Law, § 11-34. However, as argued by the plaintiff, "It is a general rule that whether the taking of a new mortgage in place of a prior one amounts to an extinguishment thereof is a question as to the intention of the parties, and that the acceptance by a mortgagee of a new mortgage, and his cancellation of the old one, does not amount to a payment or satisfaction and does not deprive him of his right to have the lien of the discharged mortgage continued as against an intervening lien, in the absence of an intention to give priority to the intervening lien and in the absence of paramount equities or acts or omissions of the intervening lienholder to his prejudice while relying upon the apparent discharge of the senior lien." (Footnotes omitted.) 55 AmJur2d 469, Mortgages, § 450. Although a lease may not be strictly speaking an "intervening lien," we hold that the foregoing general rule is applicable on the question of whether the security deed has priority over the lease on the ground that it was a consolidation of prior loan deeds. Also pertinent to this question is the fact that the option to renew the lease was not tendered to the plaintiff, and it was not recorded, until after institution of this suit.

2. On the question of whether the attorney's testimony is admissible, either the attorney was representing solely Joel Lunsford, or he was representing the other parties also; in any event, admission of the proffered testimony would not be violative of the attorney-client privilege. See *Bank of Lumpkin v. Farmers State Bank*, 161 Ga. 801, 817 (132 SE 221) (1926); 81 AmJur2d 225, Witnesses, § 190.

*Judgment reversed. All the Justices concur.*

Decided January 7, 1985 —
Rehearing denied March 5, 1985.

*William F. Lozier, Tom Pye,* for appellant.
*Glenville Haldi,* for appellees.