A93A0490. TRUST COMPANY BANK et al. v. ATLANTA SPEEDSHOP DRAGWAY, INC.

(432 SE2d 608)

BLACKBURN, Judge.

The appellee/plaintiff, Atlanta Speedshop Dragway, Inc., commenced the instant action seeking injunctive relief, damages for wrongful eviction and for the conversion of leasehold improvements, against the appellants/defendants, Trust Company Bank (the bank), Roy Kuhn, Roddy Oglesby, Harold Johnson, and Joe B. Rowan. All of the named defendants responded, asserting several defenses and a counterclaim for attorney fees and the expenses of litigation. Thereafter, the bank moved to dismiss the claim for failure to state a claim upon which relief may be granted, which motion the trial court denied, finding that Atlanta Speedshop had demonstrated two bases on which it could assert a wrongful eviction claim. This court granted Trust Company Bank's application for interlocutory review. The trial court also denied Atlanta Speedshop's motion for a temporary restraining order based upon the language of the lease which made the lease subject to any security deed.

The record construed in the light most favorable to Atlanta Speedshop shows that Atlanta Speedshop leased approximately 40 acres of land in 1964 from W. T. Greer, Sr., then the owner of the property in question, for the purpose of operating a commercial dragstrip. The terms of the lease agreement provided that Atlanta Speedshop had the right to renew the lease every five years for nine successive five-year terms thereafter. Paragraph 18 of the lease specifically provided that the "[l]essee's rights shall be subject to any bona fide mortgage or deed to secure debt which is now or may hereafter be placed upon the premises by Lessor." Since this time period, Atlanta Speedshop has made improvements on the property and has exercised its option to renew the lease on five occasions. Jeff Grant, the subsequent owner of the property, executed a security deed in favor of the bank conveying a security interest in approximately 545 acres of land, including the leased property. Pursuant to paragraph 2.10 of the se-

curity deed, the grantee, "at its option, [wa]s authorized to foreclose th[e] Deed subject to the rights of any tenants of the Premises. . . ." Based upon the owner's default, the bank foreclosed on the property on January 7, 1992 and purchased the property at a subsequent foreclosure sale. Ten days later, the bank gave Atlanta Speedshop notice of its termination of the lease. The property was later conveyed to Kuhn, who thereafter quitclaimed the majority of his interest in the property to Oglesby, Johnson and Rowan. After Atlanta Speedshop was denied entry to the property, this action ensued.

In their sole enumeration of error, Kuhn, Oglesby, Johnson, Rowan, and the bank contend that the trial court erred in denying their motion to dismiss for the failure of Atlanta Speedshop to state a claim upon which relief can be granted. We agree.

"Under the general principle contained in OCGA § 44-14-323 that the first in time is the first in rank, the rights of a lessee are superior to those of a subsequent lienholder. [Cit.] Consequently, foreclosure of the security deed and sale of the property pursuant to a power of sale do not divest the lessee of his or her leasehold estate where the lease antedates the security deed; otherwise, the lessee becomes a tenant at sufferance. *Wright v. Home Beneficial Life Ins. Co.*, 155 Ga. App. 241, 242 (1) (270 SE2d 400) (1980) and cits. However, where there is a clause in the lease making the rights of the lessee 'subject to' a subsequent security deed, the foreclosed security deed has priority. Id. at 242." *Raiford v. Dept. of Transp.*, 206 Ga. App. 114, 117 (1) (424 SE2d 789) (1992). Accordingly, the lease in the case sub judice was terminable by the bank's exercise of the power of sale contained in the deed to secure debt. In fact, "[w]hen the [bank] exercised the power of sale in the security deed [Atlanta Speedshop] became a tenant at sufferance of the [bank] who was entitled to maintain a statutory eviction proceeding against [Atlanta Speedshop]." *First Fed. &c. Assn. v. Shepherd*, 131 Ga. App. 692, 693 (1) (206 SE2d 571) (1974).

We reject Atlanta Speedshop's argument that the bank's authority to foreclose was limited by the language contained in § 2.10 of the Deed to Secure Debt. Although § 2.10 provided that the "[g]rantee, at its option, [wa]s authorized to foreclose th[e] deed subject to the rights of any tenants on the Premises," as the only "rights" the lessee had were those contained in the lease, which provided that the lease was subject to the rights of *future* holders of a security interest. The clause gave the bank, as grantee, the option of affirming the leasehold estate after the foreclosure, which the bank declined to do. Moreover, Atlanta Speedshop's reliance upon *State of Ga. v. Ga. R. &c. Co.*, 141 Ga. 153 (80 SE 657) (1913) is misplaced. In *Ga. R. &c. Co.*, the Supreme Court noted that a reference to a plat within a deed incorporated the boundary limits within the plat as if the limits were specifi-

cally discussed within the deed. However, the mere mention of the existence of leased property on a plat does not indicate that the deed is subordinate to the leasehold estate. Consequently, the trial court erred in denying the motion to dismiss, as Atlanta Speedshop does not have a recognizable claim against Kuhn, Oglesby, Johnson, Rowan, and the bank based upon the terms of the lease.

*Judgment reversed. Johnson and Smith, JJ., concur.*

DECIDED JUNE 8, 1993.

*Smith, Welch & Studdard, Ben W. Studdard III, A. J. Welch, Jr.,* for appellants.

*Johnson & Montgomery, Harmon W. Caldwell, Jr., R. Scott Berryman,* for appellee.