A95A1673. DINER ONE, INC. et al. v. BANK SOUTH, N. A.
(466 SE2d 234)

RUFFIN, Judge.

Bank South, N. A. sued Diner One, Inc., Kathleen Hall, Michael C. Hall, and Henry Hart for unpaid rent and the removal of fixtures based on a commercial lease agreement the defendants originally entered into with Mike Casteel. Diner One actually leased the property, and Kathleen Hall, Michael C. Hall, and Henry Hart ("guarantors") individually guaranteed payment under the lease. Bank South acquired the property when Casteel defaulted on the terms of a security deed and the bank purchased the property at a foreclosure sale. After the foreclosure sale, Diner One took the position that it became a tenant at sufferance, its rights and obligations under the lease terminated by operation of law. Diner One notified the bank of its intention to vacate the property at the end of the following month and paid rent for the current month and the next month. Bank South responded by advising Diner One that prior to the foreclosure, Casteel assigned the lease to the bank as collateral for a separate personal loan to Casteel, and the bank demanded that Diner One continue paying rent. Diner One ceased paying rent, vacated the property, and Bank South filed the instant action. Both sides moved for summary judgment. The trial court granted summary judgment to Bank South

and entered judgment against the defendants for past due rent in the amount of $24,888.08. This appeal followed. We find that Diner One gave Bank South proper notice of termination under OCGA § 44-7-7. Therefore, the trial court erred in granting summary judgment to the bank and in entering judgment in its favor.

Relying on a passage in *Wright v. Home &c. Ins. Co.*, 155 Ga. App. 241 (1) (270 SE2d 400) (1980), the trial court held that the foreclosure did not terminate the lease because the lease predated Casteel's assignment to the bank. In *Wright*, the court stated that " '(w)here the lease *antedates* the mortgage (or deed to secure debt), a sale of the demised premises on foreclosure will *not* operate to terminate the lease.' " (Emphasis supplied.) Id. at 242. The court also held that the foreclosure did not affect Diner One's obligation to pay rent. The lease defined "landlord" as "first party, his heirs, representatives, assignees and successors in title to the premises." Thus, the court concluded that the foreclosure merely had the effect of replacing Bank South for Casteel as landlord and thereafter, that Bank South ratified the lease by demanding rent from Diner One in accordance with the lease.

In their sole enumeration of error, Diner One and the guarantors (collectively "Diner One") contend the trial court erred in failing to find that the foreclosure terminated the lease.

It is well settled that "[w]hen a lessee leases property subsequent to the execution of a deed to secure debt and the grantee of such deed exercises the power of sale, the lessee becomes a tenant at sufferance. . . . [Cit.]" Id. In the instant case, the lease also provided, in pertinent part, that "[t]enant's rights shall be subject to any bona fide mortgage or deed to secure debt which is now, or may hereafter be, placed upon the Premises by Landlord." Therefore, Diner One leased the property from Casteel subject to an existing deed to secure debt and became a tenant at sufferance when Bank South purchased the property at the foreclosure sale. The trial court erred in ignoring the deed to secure debt which was superior to the lease and in relying on a passage from *Wright* which is not applicable to this case inasmuch as the lease did not antedate the deed to secure debt and the assignment of the lease was merely an assignment of "a chose in action in the event of a default." *Wright*, supra. See also *Lunsford v. Income Properties*, 254 Ga. 55 (325 SE2d 590) (1985). However, our analysis does not end here because Bank South's actions subsequent to the foreclosure demonstrated its desire that Diner One continue its tenancy. Indeed, it appears that Bank South's demand for rent converted the tenancy at sufferance into a tenancy at will.

"A [tenant] at sufferance is . . . one [who] comes into possession of land by lawful title, but keeps it afterwards without any title at all. . . . A tenant at will is always in by right, evidenced by permis-

sion, express or implied, of the landlord. . . . It takes very little to convert a tenancy at sufferance into a tenancy at will. Receipt of rent, demand for rent, or anything that indicates the permission of the landlord for the tenant to remain in possession will have this effect." (Citations and punctuation omitted.) *Willis v. Harrell*, 118 Ga. 906, 909 (3, 4) (45 SE 794) (1903). However, only "[t]hirty days notice by the tenant is necessary to terminate a tenancy at will. [Cit.]" *Plank v. Bourdon*, 173 Ga. App. 391, 394 (3) (326 SE2d 571) (1985). Accordingly, we find that a tenancy at will was created and that Diner One's notice to Bank South of its intention to vacate the property constituted proper notice of termination in accordance with OCGA § 44-7-7. Therefore, the trial court erred in granting summary judgment and entering judgment in favor of Bank South.

*Judgment reversed. Beasley, C. J., and Pope, P. J., concur.*

DECIDED DECEMBER 5, 1995 —
RECONSIDERATION DENIED DECEMBER 20, 1995 —

*Donaldson, Hall, Martin, Garvey & Bell, George P. Donaldson III*, for appellants.

*Martin, Snow, Grant & Napier, Edward J. Harrell, Lisa M. Edwards*, for appellee.