**SECOND DIVISION**
**MILLER, P. J.,**
**MERCIER, J., and SENIOR APPELLATE JUDGE PHIPPS**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**January 29, 2021**

# In the Court of Appeals of Georgia

A20A1594. EDIBLE IP, LLC v. GOOGLE, LLC.

MERCIER, Judge.

Edible IP, LLC ("Edible IP") sued Google, LLC ("Google") for theft of personal property, conversion, money had and received, and civil RICO[1] violations relating to Google's alleged use of Edible IP's trade name. In response, Google moved to dismiss the complaint and/or to compel arbitration. The trial court granted Google's motion, compelled the parties to arbitration, and dismissed the complaint. Edible IP appeals. For reasons that follow, we affirm.

On appeal from the grant or denial of a motion to dismiss, we review the trial court's ruling de novo, construing the allegations in the complaint favorably to the

---

[1] The Georgia RICO (Racketeer Influenced and Corrupt Organizations) Act is codified at OCGA § 16-14-1 et seq.

claimant. See *Manzanares v. City of Brookhaven*, 352 Ga. App. 293 (834 SE2d 358) (2019); *Z-Space v. Dantanna's CNN Center*, 349 Ga. App. 248 (825 SE2d 628) (2019). So viewed, the complaint alleges that Edible IP owns the trademarks, trade names, and other intellectual property associated with Edible Arrangements, a business consisting of websites and "brick-and-mortar" franchises that sell, among other things, floral-shaped arrangements of fresh-cut fruit. To support these websites and franchises, Edible IP licenses the use of its intellectual property to various entities. Edible IP, however, maintains ownership of the intellectual property, which includes the trademark/trade name "Edible Arrangements," as well as the goodwill generated by the brand.

Google operates an internet search engine that allows individuals to search for information by typing relevant words into a search bar. Using algorithms that analyze the search terms and requested information, Google returns "organic" results of the query on a results page. According to the complaint, Google monetizes its search engine by "sell[ing] . . . 'keywords'" to advertisers that "trigger advertisements on the search results page when Google users search for the keyword term."

Keyword advertising is purchased through an auction-like process, with prospective advertisers bidding on terms suggested by Google. The auction includes

general terms like "shoes" and "mother's day gift," as well as trade names such as "Edible Arrangements." Google has never contracted with Edible IP for the right to use the Edible Arrangements trade name, and Edible IP has not otherwise given Google permission to include its trade name in the keyword advertising program. Nevertheless, Google began auctioning the trade name to advertisers in approximately 2011. As described by the complaint, Google places advertisements purchased through the keyword program "in a more attractive location on the results page than its 'organic' results in an effort to drive consumer behavior and get those consumers to click on the ad rather than Google's 'organic' results."

Based on these and other allegations, Edible IP sued Google for theft of personal property, conversion, money had and received, and civil RICO violations. Google moved to dismiss the complaint, arguing that any claims alleged by Edible IP needed to be arbitrated, that a forum selection clause deprived the trial court of personal jurisdiction over Google, and that the complaint failed to state a claim upon which relied could be granted. Google also requested that the trial court compel the parties to arbitration.

The trial court granted the arbitration request, determining that Edible IP was subject to an arbitration provision agreed to by one of Edible IP's affiliates, which

had accepted the terms and conditions of Google's advertising program. The trial court also found that a forum selection clause within those terms and conditions required that the litigation be filed in California. Alternatively, the court concluded that the complaint failed to state a claim. See OCGA § 9-11-12 (b) (6). Edible IP appeals, arguing first that it is not bound by the arbitration and forum selection clauses accepted by its affiliated company. Even assuming, without deciding, that Edible IP is correct in that regard, we agree with the trial court that Edible IP's complaint does not state a claim for relief.

A complaint can be dismissed for failure to state a claim only if its allegations "disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof." *Z-Space*, supra at 250 (citation and punctuation omitted). In other words, "if, within the framework of the complaint, evidence may be introduced which will sustain a grant of relief to the plaintiff, the complaint is sufficient." Id. (citation and punctuation omitted). With this standard in mind, we review the sufficiency of each count of the complaint.

1. Count 1 alleges a claim for theft of personal property. Pursuant to OCGA § 51-10-6 (a), "[a]ny owner of personal property shall be authorized to bring a civil action to recover damages from any person who . . . commits a theft as defined in

4

Article 1 of Chapter 8 of Title 16 involving the owner's personal property." Specifically, Edible IP claims that Google committed theft by taking as defined by OCGA § 16-8-2, which provides:

> A person commits the offense of theft by taking when he unlawfully takes or, being in lawful possession thereof, unlawfully appropriates any property of another with the intention of depriving him of the property, regardless of the manner in which the property is taken or appropriated.

The complaint alleges that Google unlawfully took and appropriated Edible IP's trade name and associated goodwill by selling that property through the keyword auction program and "keeping the proceeds for itself." Although such assertions appear at first blush to allege a theft, the complaint's factual allegations reveal otherwise. Google has not taken Edible IP's trade name or sold it for profit. Rather, Google has auctioned off the opportunity to advertise on the results page produced when an individual types the keyword phrase "Edible Arrangements" into the Google search bar.

As described by Edible IP, the keyword advertising program allows advertisers that successfully bid on a keyword to "trigger advertisements on the search results page when Google users search for the keyword term." Edible IP complains that by tying purchased advertisements to keyword search terms, "Google's advertising

program controls what consumers see[] and . . . seeks (often successfully) to drive what consumers do." Ultimately, however, the challenged conduct involves the sale and placement of advertisements.

Such conduct does not constitute a taking or appropriation of Edible IP's property. And it does not "deprive" Edible IP of any property. Within the concept of theft, the term "deprive" means to, without justification, "withhold property of another permanently or temporarily; or . . . dispose of the property so as to make it unlikely that the owner will recover it." OCGA § 16-8-1 (1). Nothing in the complaint brings Google's use of keywords within this definition. On the contrary, as noted by one federal court, keyword advertising is

> akin to the product placement marketing strategy employed in retail stores, where, for example, a drug store places its generic products alongside similar national brand products to capitalize on the latter's name recognition. The sponsored link marketing strategy is the electronic equivalent of product placement in a retail store.

*Merck & Co. v. Mediplan Health Consulting*, 431 FSupp.2d 425, 427 (I) (S.D.N.Y. 2006) (citation omitted).

Creative pleading cannot convert Google's advertising program into a theft by taking. Edible IP has not alleged that it has a proprietary interest in Google's search

6

results pages or any right to control the advertising on those pages. It claims only that it owns the intellectual property associated with "Edible Arrangements." The alleged "sale" of that term for advertising placement does not constitute theft. To find otherwise would improperly broaden criminal liability. See *Mays v. State*, 351 Ga. App. 434, 436 (2) (831 SE2d 1) (2019) ("A criminal statute must be construed strictly against criminal liability and, if it is susceptible to more than one reasonable interpretation, the interpretation most favorable to the party facing criminal liability must be adopted.") (citation and punctuation omitted). Because the facts pled in the complaint demonstrate that Edible IP is not entitled to relief for theft by taking, the trial court properly dismissed Count 1. See generally *Z-Space*, supra.

2. We reach a similar conclusion as to Count 2, which alleges that Google's keyword auction resulted in a conversion of Edible IP's intellectual property. Under OCGA § 51-10-1, "[t]he owner of personalty is entitled to its possession. Any deprivation of such possession is a tort for which an action lies." The tort of conversion "involves the unauthorized assumption and exercise of right of ownership over personal property of another, contrary to the owner's rights." *Williams v. Ga. Dept. of Corrections*, 338 Ga. App. 719, 722 (2) (791 SE2d 606) (2016) (citation and punctuation omitted).

7

None of the complaint's allegations suggest that Google exercised ownership over Edible IP's intellectual property. Google simply sold advertising space on search results pages triggered by the phrase "Edible Arrangements." The complaint does not state a claim for conversion. See *ISP Alliance v. Physiotherapy Assoc.*, 238 Ga. App. 436, 437 (1) (519 SE2d 241) (1999) (counterclaim for conversion properly dismissed where "[a]s a matter of law, no conversion occurred"); *Trust Co. Bank v. Atlanta Speedshop Dragway*, 208 Ga. App. 867, 869 (432 SE2d 608) (1993) (complaint subject to dismissal where claimant "does not have a recognizable claim").

3. Edible IP's third claim alleges that Google is liable for money "had and received" in connection with the keyword advertising program. Specifically, Edible IP claims that "Google received . . . money by selling the 'Edible Arrangements' name and associated property to others without permission."

A claim for money had and received "is founded on the equitable principle that no one ought to unjustly enrich himself at the expense of another[.]" *Time Ins. Co. v. Fulton-Dekalb Hosp. Auth.*, 211 Ga. App. 34, 35 (1) (438 SE2d 149) (1993) (citation and punctuation omitted). "[R]ecovery is authorized against one who holds the money of another which he ought in equity and good conscience to refund." Id. (citation and punctuation omitted). The factual allegations in the complaint, however, reveal that

8

Google generated the money at issue by selling *advertisements* for its search results pages. The allegations do not permit an inference that Edible IP owns — or is entitled to — Google's advertising revenue. The trial court, therefore, properly dismissed Count 3. See id. at 37 (2) (claim for money had and received dismissed where complaint demonstrated that claimant had no right to the funds at issue).

4. Finally, the complaint alleges that Google violated the Georgia RICO Act "by obtaining, directly or indirectly, an interest in or control of personal property, including but not limited to money, though a pattern of racketeering activity and/or by endeavoring to do the same." According to the complaint, the racketeering activity supporting this claim includes the theft by taking alleged in Count 1.

The trial court dismissed the RICO allegation, concluding that Edible IP's failure to state a claim as to theft was fatal to the RICO claim. With respect to this ruling, Edible IP argues only that "[b]ecause the [trial court's] theft analysis is incorrect, there is no basis for dismissing the RICO claim." As found in Division 1, however, the trial court properly dismissed the theft allegation. Accordingly, Edible IP has not demonstrated that the trial court erred in dismissing the RICO claim.[2] See

---

[2] In affirming the trial court's dismissal of Edible IP's claims, we express no opinion on whether keyword advertising might give rise to some other claim not addressed here.

*Gallemore v. White*, 303 Ga. 209, 210 (1) (811 SE2d 315) (2018) (appellant bears the burden of demonstrating error on appeal); see also *J. Kinson Cook of Ga. v. Heery/Mitchell*, 284 Ga. App. 552, 560 (f) (644 SE2d 440) (2007) (where claimant cannot establish tort claims upon which a RICO allegation is based, the RICO claim fails as a matter of law).

*Judgment affirmed. Miller, P. J., and Senior Appellate Judge Herbert E. Phipps., concur*.