CLOWER & CULPEPPER, plaintiffs in error, *vs.* ELIZABETH P. C. WYNN *et. al.*, executrixes, defendants in error.

1. When a draft drawn by several persons is delivered in blank, as to the amount, and the payee has notice, before parting with the consideration, or otherwise acting upon the draft to his injury, that one of the drawers fixed a limit to the amount, and gave authority to fill the blank with that much, and no more, the liability of such drawer to the payee will be restricted accordingly; and the payee, by inserting a larger sum, and by parting with value commensurate therewith to another one of the drawers, will acquire no right to recover of the drawer who fixed the limit anything in excess of that limit.
2. The charge of the court, in announcing the substance of the above rule, was sufficiently clear and explicit to be understood by jurors of ordinary capacity.

Negotiable instruments. Blanks. Charge of Court. Before Judge HALL. Monroe Superior Court. August term, 1876.

Report unnecessary.

CABANISS & TURNER, for plaintiffs in error.

W. D. STONE, for defendants.

BLECKLEY, Judge.

The suit was on a draft for three hundred dollars, dated in February and due in October. The payees were the plaintiffs, and the drawers were the defendants. Two of the latter made no defense, and judgment went against them. The third defended, and pending the action she died, and her executrixes were made parties. She was the grandmother of one of the others, and he (the grandson) alone received the consideration for the instrument. That consideration consisted, in part, of his prior indebtedness to the payees, and in part of advances made by them to him after the draft was signed and delivered. The payees handed to him a blank draft to have it signed up. He carried it to

the residence of his grandmother, where it was signed by himself, her and another person; she stating at the time that she would be responsible for one hundred dollars only. No amount was inserted in the writing until the grandson returned it to the payees, when the payees filled the blank with three hundred dollars. He testified at the trial that he informed them, first when he received the blank draft from them, and again when he returned it signed up, that his grandmother would stand for one hundred dollars, and no more. They, on the contrary, testified that he did not so inform them, and that they had no such information from any source until after the draft became due. The plea conceded an original liability to the extent of one hundred dollars, set up payment of that sum, and denied that authority had been given to fill the blank with any greater sum, etc. The court charged the jury, in substance, that if the defendant limited her liability, and if the plaintiffs, either before or after she signed, and before they sold goods or otherwise dealt on the faith of the instrument, had notice thereof, and if the amount limited had been paid, the plaintiffs could not recover.

1. The question in the case seriously contested was, as to notice. The evidence was conflicting. If the defendant's witness was to be believed, the notice was in time. The payees could not rightfully fill the blank, as they did, in face of such notice. 1 Parsons on Notes and Bills, 109. We might say that we believe the plaintiffs represented the matter truly, but what legal reason could we give for setting aside the adverse evidence, when the jury, so far as we can see, gave it full credit? It stands unimpeached, except as it is contradicted by the plaintiffs, and they are interested witness. Theirs is, perhaps, the more probable account of the transaction, but there was certainly enough evidence to uphold the verdict. The presiding judge was satisfied, and that has, and ought to have, great weight. If perjury was committed, the remedy is to indict the witness and convict him. The verdict can then be set aside. Code, § 4467.

2. As to the objection, that the charge of the court was obscure or ambiguous, we think it not well taken, when the charge is construed in the light of the evidence to which it was intended to apply. Jurors of ordinary intelligence, and reasonably attentive to their business, would not be apt to misunderstand it. The precise language used by the judge was as follows: " If you believe, from the evidence, that the defendant, Sarah N. Wynn, limited her liability on the note sued on, and that Clower and Culpepper received notice, either before or after she signed said note, and before plaintiffs sold goods, or otherwise acted on the faith of the note, that she did so limit her liability, and the amount to which she so limited her liability has been paid, then the defendant is not liable, and it will be your duty to find for her." It was conceded, frankly, by the plaintiffs' counsel that the affidavits of some of the jurors, brought up in the record, tending to show that the charge was, in fact, misconceived, cannot legally be brought to bear on any decision which it is our province to make. That view is altogether correct, and the candor with which it was avowed deserves commendation. To yield a false position, as soon as it is discovered to be false, argues true professional manhood. Nothing but truth, or what is believed to be truth, is worthy to be championed by a lawyer.

Cited for plaintiffs, 30 *Ga.*, 241; 25 *Ib.*, 184; 32 *Ib.*, 409. For defendant, 57 *Ga.*, 107, 283; 39 *Ib.*, 708; 3 Graham on N. T., 786; 51 N. J., 560; 14 Mass., 244; 41 *Ga.*, 208, 215; 42 *Ib.*, 163; 50 *Ib.*, 360.

Judgment affirmed.