## ATLANTA AND WEST POINT RAILROAD COMPANY *v.* GEORGIA RAILWAY AND ELECTRIC COMPANY.

1. The rule that a pleading must be taken most strongly against the pleader where the language used is ambiguous has no application where the pleader confesses that the pleading is ambiguous and seeks to amend it.

2. The cause of action as originally set forth was subject to the construction that it was a suit for a penalty, but this construction was removed by the amendment.

3. As the effect of the amendment was to reduce the amount claimed below the sum which would authorize an appeal to the superior court, there was no error in dismissing the appeal.

Argued May 24,—Decided July 3, 1906.

Appeal. Before Judge Pendleton. Fulton superior court. October 3, 1905.

The Georgia Railway and Electric Company sued the Atlanta and West Point Railroad Company in a justice's court. The cause of action attached to the summons was: "The Georgia Railway and Electric Company shows: (1) That the Atlanta & West Point Railroad Company is indebted to it in the sum of $39.39 for overcharge in freight and $39.38 as penalty. (2) Said Georgia Railway and Electric Company paid the said Atlanta & West Point Railroad Company certain freight bills as shown in the attached account, whereas the freight did not weigh what it was billed to weigh, but weighed the amount shown by said attached account. (3) Said Georgia Railway and Electric Company has made demand upon said Atlanta & West Point Railroad Company for the payment of said sum, and it has failed and refused to pay the same, and the account hereto attached is just, past due, and unpaid. (4) Said Georgia Railway and Electric Company made a demand in writing for the return or repayment of said overcharge more than thirty days before bringing this suit, and said Atlanta and West Point Railroad Company refused to pay the same, and said defendant is liable to plaintiff in an amount double said overpayment." Attached to this cause of action was a bill of particulars showing the various items of overcharge aggregating $39.38, the bill of particulars concluding with the following words: "penalty, $39.38." At the trial the defendant moved to dismiss the suit, on the ground that it was a suit for a penalty and that the justice's court had no

jurisdiction. The plaintiff then withdrew what it claimed to be the penalty part of the amount sued for, the same being one half of the original suit. The amendment was not reduced to writing, but counsel agreed that it should be considered by the court as if it had been regularly and properly made, and the justice amended the summons in accordance with the motion and the agreement of counsel. The defendant contended that even as amended the suit was still one for a penalty, and the case should be dismissed. The court overruled the motion to dismiss, and entered judgment in favor of the plaintiff for $39.38. The defendant entered an appeal to the superior court. When the case was called in that court the plaintiff moved to dismiss the appeal, because less than fifty dollars was involved. The appellant moved to dismiss the entire proceeding, because the justice's court had no jurisdiction of the subject-matter. The court overruled the motion to dismiss the entire proceeding, and granted the motion to dismiss the appeal. To this judgment the appellant excepted.

*Lamar Rucker,* for plaintiff in error.

*Rosser & Brandon, W. T. Colquitt,* and *B. J. Conyers,* contra.

COBB, P. J. (After stating the foregoing facts.) While the law does not require that a pleader in a justice's court shall set forth his cause of action with all that formality which is required in courts of record, what is required to be set forth is subject to the rule that pleadings are to be taken most strongly against the pleader. The pleader in the justice's court must avoid expressions which are ambiguous, or pay the penalty resulting from the use of such language. Applying this rule, the cause of action alleged was certainly equivocal in its terms. It can be construed either as a suit for a penalty under the statute, or a suit for the overcharge as such and a separate count for a penalty. If the pleader had seen fit to stand upon this cause of action as originally drawn, no other course would have been open to the court than a dismissal of his case as a penalty for not stating in clear and unambiguous terms what was the subject-matter of his claim. But he did not stand upon it. He resorted to the right of amendment in order to relieve the pleading from the ambiguity apparent in it. As it originally stood it was open to a double construction. The penalty for the use of such language would have been a dismissal, if the most unfavorable construction would have ousted the jurisdiction

of the court. See, in this connection, *Holbrook* v. *Norcross,* 121 *Ga.* 319; *Mayor and Council of Eastman* v. *Cameron,* 111 *Ga.* 110. The appellant however admits the fault and seeks to remedy it by amendment. That is, he said in effect, I was not clear in the outset as to the claim set up, but I propose now to make it clear by eliminating those things which produce equivocation or ambiguity. This was permissible. As was said by Mr. Chief Justice Bleckley, in *Ellison* v. *Ga. R. Co.,* 87 *Ga.* 691, "Amendment is a resource against waste. It proceeds on the principle that it is better to preserve what has been done and improve it than to throw it away." The effect of the amendment in this case was not to make a new cause of action, but simply to relieve a doubt arising from the ambiguous words of the pleader as to what was the cause of action originally alleged. The words of Mr. Chief Justice Sanderson, in *Nevada Co.* v. *Kidd,* 28 Cal. 684, are pertinent in the present case: "The common-law rule, that a pleading must be taken most strongly against the pleader where the language used is ambiguous, has not, as counsel seems to suppose, been forgotten by us; but we did not fall into the error of supposing that it had any application to the question presented by the record in this case. Where the pleader stands upon his pleading and maintains its sufficiency in law, in the presence of a demurrer or other hostile attack, the rule to which counsel appeals with so much confidence undoubtedly applies. In such a case all doubts are to be resolved against the pleader. He asks no mercy and is entitled to no quarter. But that is not this case. Here the pleader confesses his pleading is bad, and that it imperfectly and ambiguously expresses his meaning and intent, and he therefore appeals to the mercy of the court to be allowed to amend it 'in furtherance of justice,' so as to present more clearly his case of complaint. To such a case the rule under consideration, which is a rule of war and not of mercy, can have no possible application; on the contrary the utmost liberality, consistent with the ends of justice, ought to be exercised by the court."

As amended the case was a suit for an overcharge, and of such a suit the justice's court had jurisdiction. But the amount involved was less than $50, and therefore no appeal to the superior court would lie. The judge did not err in dismissing the appeal.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*