[Civ. No. 3362. Third Appellate District.—November 12, 1927.]

CONSTANCE M. GOYTINO PENILLA et al., Appellants,
v. H. A. GERSTENKORN, Respondent.

A. C. McCall and R. C. Noleman for Appellants.

Griffith Jones and John J. Craig for Respondent.

FINCH, P. J.—February 20, 1919, the plaintiffs leased to M. A. Laffey and F. P. Casey, for the term of four years from that date, two vacant lots in the city of Los Angeles on which to maintain and operate an oil and gasoline service station. The lease, which contained no covenant against assignment, gave the lessees "the right of renewing this lease" at the end of the four years. During the year 1922 the defendant acquired the interests of the lessees under the lease and thereafter held possession of the property and conducted a service station thereon up to the time of the trial of this action. The plaintiffs, however, at all times refused to recognize the defendant as a tenant, and they accepted no rent from him. On their refusal to accept payment of rent from him, the defendant regularly, on the 20th of each month as provided in the lease, deposited the monthly rental in a Los Angeles bank to the credit of the plaintiffs. February 14, 1923, the defendant made demand upon the plaintiffs for a renewal of the lease for an additional term of four years. The plaintiffs refused to renew the lease and on March 1, 1923, they commenced this action to recover possession of the premises. The defendant answered, setting up the foregoing facts as a defense, and, by way of cross-complaint for specific performance, he alleged the same facts and also that at the time the lease was executed the reasonable rental value of the premises was not in excess of $2.50 per month and that the consideration for the lease was "fair and adequate" and "as to said plaintiffs just and reasonable." The court found the allegations of the answer and cross-complaint to be true and entered judgment thereon requiring the plaintiffs to "make, execute and deliver to the defendant . . . a lease of the property" for a term of four years from February 20, 1923, and containing the same terms as the original lease,

except the provision for renewal and that for the payment of the rent for the first six months at the time of the execution of the lease.

The original lease provided for payment of rent at the rate of $15 a month, that for the first six months to be paid at the commencement of the term. At the time the defendant demanded a renewal of the lease he did not tender payment of rent in advance for the first six months of the new term. Appellants contend that because of failure to make such tender the defendant was not entitled to judgment for specific performance. It is apparent from the facts stated that such a tender would have been refused by the plaintiffs. For more than five months prior to the defendant's demand for a renewal of the lease they had refused to recognize him as a tenant or to accept payment of rent from him. This conduct excused him from making a formal tender as a condition precedent to an action for specific performance. (*Buckmaster* v. *Bertram,* 186 Cal. 673, 678 [200 Pac. 610].) The defendant continued to deposit the monthly installments of rent, as they became due, to the plaintiff's credit up to the time judgment was entered, more than fifteen months after the end of the original term. The judgment requires that the amount of these deposits be applied in payment of the accrued rent. It thus appears that any tender of rent to the plaintiffs at the time of the demand for a renewal would have been an idle act and that no different judgment could have been given if the rent in advance for the first six months of the new term had been tendered.

While the covenant to renew is general, it is sufficiently certain to be enforceable. It does not, as appellants contend, purport to create a perpetuity, and the right of renewal, vested in the original lessees, was assignable.

"A general covenant to extend or renew implies an additional term equal to the first, and upon the same terms, including that of rent, except the covenant to renew; to include which would make the lease perpetual." (Taylor's Landlord and Tenant, sec. 332; 16 R. C. L. 887.)

"The right of renewal constitutes a part of the tenant's interest in the land, and, in the absence of a covenant to the contrary, may be sold and assigned by him, and the benefits of this right may be enforced by the assignee."

(Taylor's Landlord and Tenant, sec. 332; *Standard Oil Co. v. Slye,* 164 Cal. 435, 442 [129 Pac. 589].) ▇ There is testimony to the effect that at the time the lease was executed the reasonable rental value of the premises for a term of four years with the privilege of a renewal for an additional term of four years was $15 a month, and the court so found. The rental value of the property has greatly increased since that time, but that fact is immaterial. "The sufficiency of consideration for a contract must be determined from the facts as they existed when the contract was made rather than by subsequent developments." (23 Cal. Jur. 444.)

The judgment is affirmed.

Hart, J., and Plummer, J., concurred.