34129.   SAUNDERS *v.* SASSER *et al.*

DECIDED JULY 14, 1952.

*W. E. Watkins, Benjamin B. Garland,* for plaintiff in error.

*Cumming & Cumming, Joseph R. Cumming, W. M. Redman,* contra.

TOWNSEND, J. (After stating the foregoing facts.) ▇ The decision in this case must depend upon whether the defendants were tenants at will, as contended by the landlord, or whether they were tenants as assignees of the lease to Paul Tyler. If the latter, the option to renew the lease passed to them as a valuable right under the lease contract which they might exercise in their own right. *Hamby & Toomer* v. *Georgia Iron & Coal Co.,* 127 *Ga.* 792 (1b) (56 S. E. 1033). Without entering into the question of whether the lease intended to pass a mere usufruct or an estate for years, it will be noticed that both parties fulfilled all of the obligations of the lease up to its expiration date. The landlord paid taxes and repaired the property; he took the rent of $35 stipulated in the lease on the 17th day of each month, which was the first day of each rental month, and this in spite of the fact that he testified that the property had a fair rental value of $100 per month from 1947 to the present. The jury was authorized to find that he asked for no increase in rent until the expiration date of the lease, January 17, 1951. The landlord did not look to Tyler for his rent after Tyler sold his business to the defendants, nor did he cancel the lease, but on the contrary, knowing that Tyler had sold out and turned the lease over to the defendants, he instructed them to take over the Tyler lease and thereafter dealt exclusively with them in accordance with its terms. Further, when he gave them the notice to vacate in February, 1951, he referred to them, in the alternative, as transferees of Tyler's lease. Where a landlord treats a lease as assigned, even though the original lessee had no right to assign it without his consent, he is estopped from setting up that the assignment of his contract is made without his consent. *Hamby & Toomer* v. *Georgia Iron & Coal Co.,* supra; *Lawson* v. *Haygood,* 202 *Ga.* 501 (2) (43 S. E. 2d, 649). The assignment here was originally oral, made simply by turning the lease over to the defendants, and it was subsequently

put in writing shortly before the end of the original term. Such a written assignment during the term of the lease is presumptively valid, although subsequent to actual possession by the assignee, but, even if it were not, the lessor cannot complain that the lease was not properly transferred in writing and so violated the statute of frauds, as this is a matter solely between the lessee and his transferee. *Gilbert Hotel No. 22 v. Black*, 67 *Ga. App.* 221, 228 (19 S. E. 2d, 796). The first special ground of the amended motion for a new trial attacking the transfer and contract as being within the statute of frauds is without merit, and the evidence was sufficient to authorize a finding that the landlord acquiesced in the tenancy of these defendants under the terms of the lease. It follows therefore that he is bound by its covenants, including the option of renewal.

■ The general rule is that where a lease for a stated period at a stated price contains an option of renewal which fails to specify either the duration of the new term or the amount of rent, the intendment is that the renewal applies to a new term of the same duration for the same rent, and the fact that the rental value has increased in the meantime is immaterial. *Penilla v.* Gerstenkorn, 86 Cal. App. 668 (261 Pac. 488). See also Taylor, Landlord and Tenant, § 332; 16 R. C. L. 887; 51 C. J. S., Landlord and Tenant, § 71; Maas Bros. *v.* Weitzman, 288 Mich. 625 (286 N. W. 104). The tenants having exercised their option to renew the lease by proper and timely notice, they are entitled to the occupancy of the premises for the additional five-year term.

■ The charge complained of in special ground two to the effect that, where there is uncertainty in the provisions of an agreement, the tenant should be favored rather than the landlord, is without error, for the reasons stated in *Felder* v. *Oldham*, 199 *Ga.* 820, 826 (35 S. E. 2d, 498) that the landlord, having power to stipulate in his own favor, neglected to do so, and because every man's grant is to be taken most strongly against him. Nor was the charge misleading or confusing to the jury as not specifically pointing out what "agreement" the court meant, since it obviously referred to the lease contract.

■ The court further charged the jury in substance that, if they should believe the written lease was operative between

the parties, the burden of proof would then be on the plaintiff, in order to defeat the defendants' claim, to prove that subsequently thereto another agreement was entered into between the parties containing different stipulations from those found in the original lease. This charge was not contradictory or confusing as alleged, and the further objection on the ground that such a contract would violate the statute of frauds, is also without merit.

■ The jury, in returning a verdict in favor of the defendants, added the following recommendation which was disregarded as surplusage by the court: "We the jury recommend that Sasser and McCarty pay $75 per month or fair rent to the plaintiff beginning 18th day of January, 1951." Special grounds 4 and 5 complain that the jury was confused and misled, as shown by the form of the verdict, and there is attached as an exhibit to the fifth ground a statement signed by the jurymen that they had intended to find in favor of the plaintiff, Ray Saunders, but wanted to permit the defendants to stay on at an increased rent. Unfortunately, whether or not the rent stipulated in the lease was a fair or reasonable rental is not an issue in the case, and the members of the jury may not by a subsequent statement show what they intended by their verdict in order to impeach the same. *Stafford* v. *State*, 55 *Ga.* 592 (2); *Clower* v. *Wynn*, 59 *Ga.* 246. These grounds are without merit.

The trial court did not err in overruling the motion for a new trial as amended.

*Judgment affirmed. Gardner, P.J., and Carlisle, J., concur.*