36999. CARPARKING, INC. *v.* CHAPPELL'S, INC.

DECIDED JANUARY 17, 1958.

*Joseph J. Fine, D. W. Rolader,* for plaintiff in error.

*Nall, Sterne, Miller, Cadenhead & Dennis, A. Paul Cadenhead,* contra.

TOWNSEND, Judge. ■ The primary attack directed against the petition is that plaintiff is not such an assignee or sublessee under the 10-year lease contract as to give it the right to damages based on alleged breaches of contract including, firstly, damages resulting in the building in question not being complete and ready for occupancy on the date called for in the agreement;

secondly, damages resulting from the store building containing less square footage than agreed upon; and, thirdly, resulting from violation by the lessor of provisions giving the lessee the exclusive rights for the sale of merchandise listed therein in the entire garage building of which the leased premises form a part.

The contract provisions relating to assignment and sublease are as follows (the printed provisions are reproduced by regular type and the written-in provisions by italics) : "10. Lessee may not, without the prior written consent of lessor endorsed hereon, assign this lease or any interest thereunder, or sublet premises or any part thereof, or permit the use of premises by any party other than lessee. Consent to one assignment or sublease shall not destroy or waive this provision, and all later assignments and subleases shall likewise be made only upon prior written consent of lessor. Subtenants or assignees shall become liable directly to lessor for all obligations of lessee hereunder, without relieving lessee's liability. 20. This contract shall create the relationship of landlord and tenant between lessor and lessee; no estate shall pass out of lessor; lessee has only a usufruct, not subject to levy and sale and not assignable by lessee except by lessor's consent. 32. *Lessee herein has the right to sublease or assign all or any portion of the within described premises during the terms of this contract, with the understanding that such subletting or assignment on its part will in no way release it from its liability under this agreement. Lessee may sublease said premises under the conditions recited above or assign this lease to a subtenant or assignee with the understanding that said premises may be used for any purposes outlined in paragraph 3 and/or paragraph 26 [27?] as recited above and/or for any other lawful purpose not conflicting with lessor's other tenants providing lessee first receives written permission from the lessor, which permission shall not be unreasonably withheld.*" (Paragraph 27, not paragraph 26, relates to use). The lessor, plaintiff in error here, contends that in the absence of an allegation that it consented in writing to the lease assignment, the plaintiff occupies no status as lessee under the contract and would not be entitled to any damages for an alleged breach thereof. Otherwise stated, the lessor admits that the written provisions of the contract would control over the printed

provisions (Code § 80-704(7)), but contends that under both provisions the lessor must first give its consent in writing before the plaintiff could become an assignee of the lease. The plaintiff contends in the brief of counsel that if this were so, paragraph 32 would be mere redundancy and would not have been written into the lease. He points out that the wording of the last part of the second sentence of Paragraph 32 ("and/or for any other lawful purpose not conflicting with lessor's other tenants providing lessee first receives written permission from the lessor, which permission shall not be unreasonably withheld") is in the same language as paragraph 27, which, after reciting the uses to which the store may be put as set forth in paragraph 3, reads: "Lessee shall also have the right to use the premises for any other lawful purposes not conflicting with lessor's other tenants, providing lessee first receives written permission from the lessor, which permission shall not be unreasonably withheld." He thus interprets paragraph 32 as modifying paragraph 10 so as to give the original lessee the unqualified right to assign the lease to a tenant who will put it to the use expressed in paragraph 3, and the right to assign it to a tenant who will put it to other non-conflicting uses upon written permission of the lessor. The petition, however, although it alleges that the plaintiff is putting the store building to the uses set forth in paragraph 3 (retail sales of women's shoes, hose, handbags and accessory jewelry) fails to allege that these are the only uses being exercised, and also fails to allege "any meaning attached by the parties to any ambiguous phrase contained in the instrument." See *Slater* v. *Savannah Sugar Refining Corp.*, 28 *Ga. App.* 280, 283 (110 S. E. 759). As stated in *Atlanta & W. P. R. Co.* v. *Georgia Ry. &c.*, 125 *Ga.* 798 (1) (54 S. E. 753): "The rule that a pleading must be taken most strongly against the pleader where the language used is ambiguous has no application where the pleader confesses that the pleading is ambiguous and seeks to amend it." There the ambiguity rested in a bill of particulars attached as an exhibit to the petition, and in the *Slater* case the ambiguity rested in the wording of a contract upon which the action was brought. Here it is not necessary to decide whether or not the lease contract is ambiguous, it not being so regarded by the plaintiff, and accordingly a construction against the

pleader is demanded. So construed, paragraph 32 of the contract, like paragraph 10, would require written consent of the landlord for an assignment or sublease on the part of the original lessee.

■ However, a provision in a lease contract that an assignment may be made by the lessee only with the landlord's written consent is a provision for the protection or convenience of the landlord only and may accordingly be waived. "Where a landlord treats a lease as assigned, even though the original lessee had no right to assign it without his consent, he is estopped from setting up that the assignment of his contract is made without his consent." *Saunders* v. *Sasser*, 86 *Ga. App.* 499, 501 (71 S. E. 2d 709). While the landlord is not bound as to facts of which he does not have knowledge (*Walker* v. *Wadley*, 124 *Ga.* 275, 52 S. E. 904), if he has actual knowledge of the fact of assignment it is his duty to make inquiry, and he will be deemed to know all things to which such inquiry would lead. *Hamby & Toomer* v. *Georgia Iron & Coal Co.*, 127 *Ga.* 792 (1) (56 S. E. 1033). See also *Cuesta* v. *Goldsmith*, 1 *Ga. App.* 48 (57 S. E. 983); *Gilbert Hotel No.* 22 v. *Black*, 67 *Ga. App.* 221 (19 S. E. 2d 796); *Lawson* v. *Haygood*, 202 *Ga.* 501 (2) (43 S. E. 2d 649); *Kaufman Bros. & Co.* v. *Pappas*, 45 *Ga. App.* 479 (165 S. E. 326). The plaintiff here alleges that all of its preparatory steps to open the store, such as its purchase of fixtures, equipment and inventory were known to the defendant when the lease was executed; that the defendant advised the plaintiff at various times as to when the premises would be ready for occupancy; that the plaintiff sought to obtain the defendant's cooperation in ascertaining the approximate time the premises would be ready for occupancy; that the premises were in fact tendered to the plaintiff for occupancy on August 9; that, before the plaintiff was allowed to occupy said store, the defendant promised on several occasions that it would be ready for occupancy before August 9; that while the defendant was completing the store building after Augusta 9, the plaintiff was in fact occupying it, and had signs advertising this fact on the barricades placed along the front of the store by workmen, and that it incurred certain expenses in reliance on the plaintiff's promises to have the store available on certain dates. All of these allegations are sufficient

866

to authorize a finding that the defendant lessor, in dealing directly with plaintiff in regard to arrangements for the plaintiff to move in and take over the store, did in fact acquiesce in the lease assignment and waive the provisions regarding written permission. Accordingly, the petition is not subject to general demurrer on the ground that the plaintiff has not alleged facts sufficient to show that it is such an assignee of the lease contract as to maintain this action.

■ Since this action, in the light of the decision of the Supreme Court, is one for damages for breach of a lease contract only, and since the only demurrer is on the ground that it fails to set out a cause of action, and since nothing in the petition or amendment suggests that the rent was in arrears or that the plaintiff has otherwise itself breached the contract, allegations contained in an amendment as to subsequent tender of rent, and allegations that the defendant had since assigned its interest in the property to another, have no effect upon the cause of action as set out in the original petition, but relate only to the attempt to convert the action to equity. Accordingly, it is unnecessary to decide whether the plaintiff's alleged tender of rent for periods of time after the commencement of these proceedings, shows a legal tender, or to decide whether the plaintiff is not attempting to attorn to another than its true landlord.

The trial court did not err in overruling the general demurrer. *Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*