## 49406. BENEFIELD v. ELDER BUILDING SUPPLY COMPANY et al.

EBERHARDT, Presiding Judge.

Elder Building Supply Company (Elder) filed a complaint against Arthur Benefield, a contractor, on open account for building materials furnished him, and against Kimble Albright, Jr. and other defendants,

owners of certain land on which apartment buildings were being constructed by Benefield, seeking to establish and foreclose liens thereon. Benefield filed a "third party complaint" (in reality a cross claim) against Albright contending that the latter would be liable to Benefield if Benefield were adjudged liable to Elder, because Albright had agreed to pay for the materials furnished by Elder. Albright moved to dismiss the "third party complaint" and same was ordered dismissed on May 31, 1973. There was no appeal from this order. A trial on the merits of the complaint proceeded before a judge, without a jury, and concluded in findings of liability against Benefield on the account, but in favor of Albright and other defendants on the establishment of a lien. The findings also included the following: "This finding of fact is limited to the liability of the defendant Arthur Benefield to the plaintiff, and does not include any claims or issue of the defendants among themselves as to liability on contract or open account." On November 7, 1973 judgment was entered in favor of Elder against Benefield from which the latter appeals. Benefield also moved to set aside the judgment and for a new trial but both motions were denied.

Of the five errors enumerated by Benefield, four are issues arising from the "third party complaint" between Benefield and Albright, to wit: that there was a contract between Benefield and Albright which made Albright liable to Elder for the building materials furnished; that, because of this contract, the dismissal of Benefield's third party complaint was error; that because of this contract, inter alia, the denial of Benefield's motion for new trial was error; and that, because the final judgment did not decide the merits of Benefield's "third party complaint," error was committed. The fifth enumeration deals with the sufficiency of evidence to support the judge's findings as to Benefield's liability to Elder. Except for this last enumeration, Benefield is, in effect, appealing from the dismissal of his "third party claim" against Albright, which was his main defense throughout these proceedings.

The initial question presented is whether or not Benefield can, on appeal, raise issues of his "third party

claim" which was dismissed without being appealed, when the final judgment on the main claim specifically excludes adjudication of the "third party claim."

There is no question that, had Benefield attempted to appeal the dismissal of his "third party claim" while the main claim was still pending, the appeal would have been premature, absent "an express determination that there is no just reason for delay and upon an express direction for the entry of judgment" (Code Ann. § 81A-154 (b)), and absent a certification for appeal as provided by Code Ann. § 6-701 (a 2). *Davis v. Roper,* 119 Ga. App. 442 (167 SE2d 685); *D. Davis & Co. v. Plunkett,* 119 Ga. App. 453 (167 SE2d 663). In this case, there was no express determination, express direction or certification from the order of dismissal. Benefield had no alternative but to await final judgment on the main claim before appealing the order of dismissal. He is both authorized and required to appeal this order upon final judgment on the main claim if he did not wish to waive it. Code Ann. § 6-701 (b); *Shell v. Watts,* 125 Ga. App. 542 (5) (188 SE2d 269); *Carmichael Tile Co. v. McClelland,* 213 Ga. 656 (2) (100 SE2d 902). The question then is whether this is a judgment on which error may be enumerated in this appeal in light of the language in the findings excluding adjudication of the "third party claim." We conclude that it is. Code Ann. § 6-701 (b); *State Highway Dept. v. Rosenfeld,* 120 Ga. App. 439 (1) (170 SE2d 837).

Even though the dismissal order does not state the grounds for dismissal, it is apparent that the "third party complaint" was used to bring in a party who was already a defendant contrary to Code Ann. § 81A-114. A cross claim under Code Ann. § 81A-113 (g) was the appropriate vehicle for Benefield to have asserted his claim against Albright. However, while mislabeling a claim can be fatal in some instances where the label connotes the only theory under which the pleading states a claim upon which relief can be granted, mislabeling here contains no such substantive defect. In his third party complaint Benefield states that he is entitled to recover from Albright "for all or part of the sums that may be adjudged against the Third Party Plaintiff (Benefield) in favor of the Plaintiff" because he was the disclosed agent for

Albright when ordering supplies from Elder and because Albright had orally contracted to pay for these supplies. These allegations are sufficient to set out a cross claim against Albright under Code Ann. § 81A-113 (g), in spite of their label, and the claim should have been treated as such and not dismissed for that reason. The second sentence of § 81A-113 (g) was intended to take care of such a case as this so that a party who "is or may be liable to the cross claimant for all or part of a claim asserted in the action against the crossclaimant" may be joined in the trial. The merits of Benefield's claim were not adjudicated below and its dismissal is reversed; the trial court is directed to hold additional hearings and to make additional findings as to liability between Benefield and the other defendants and to enter judgment thereon.

The only remaining issue is whether there is sufficient evidence to support the findings that Benefield is liable to Elder on open account. "The question to whom the credit is given is a question of fact to be decided by the jury under the circumstances in each case." Code § 4-406. The trial judge, sitting without a jury, makes determinations of fact and his verdict will not be overturned if there is any evidence to support it. *Moseley v. Fargason*, 215 Ga. 207 (109 SE2d 591); *Independent Life &c. Ins. Co. v. Thornton*, 102 Ga. App. 285 (115 SE2d 835).

There is ample evidence in the record which authorized a finding that Elder extended credit to Benefield on account without knowledge of whether or not he was acting as the agent for another. The trial court's determination in this regard is therefore affirmed.

*Judgment affirmed in part; reversed in part with direction. Deen and Stolz, JJ., concur.*

SUBMITTED MAY 29, 1974 — DECIDED JUNE 20, 1974.

*Carnes & White, James A. White, Jr.,* for appellant.
*Patrick, Sidener, Bryant & Hammer, Charles F. Reeves, Claude E. Hambrick,* for appellees.