## 49973. BENEFIELD v. ELDER BUILDING SUPPLY COMPANY et al.

PANNELL, Presiding Judge.

Elder Building Supply Company filed a complaint against Arthur Benefield, a contractor, and against Kimble Albright, Jr., and other defendants, owners of certain land on which apartment buildings were being constructed. The complaint was in three counts. Count 1 sought judgment against Benefield as a contractor and against Kimble Albright, Jr., and the other owners for the foreclosure of a lien for building materials furnished in the amount of $8,742.84. Count 2 sought recovery against Benefield on open account for the same sum. Count 3 sought judgment against Albright and the other owners on a claim of quantum valebant for the same amount. Benefield filed a cross claim against Albright contending that Albright would be liable to Benefield if Benefield were adjudged liable to Elder, because Albright had agreed to pay for the materials furnished by Elder. Albright moved to dismiss the cross claim and it was ordered dismissed on May 31, 1973. There was no direct appeal from this order.

A trial on the merits of the complaint proceeded before the trial judge without a jury, and concluded in the findings of liability against Benefield in the amount of $4,234 "on open account," but against the lien because of the late bringing of the action, and in favor of Albright and the other defendant owners on the third count of the complaint. The findings also included the following: "This finding of fact is limited to the liability of the defendant, Arthur Benefield, to the plaintiff, and does not include any claims or issue of the defendants among themselves as to liability on the contract or open account." On prior appeal from this judgment *(Benefield v. Elder Building Supply Co.,* 132 Ga. App. 195 (207 SE2d 678)), the

judgment of the trial judge was affirmed but his order of dismissal of the cross claim was reversed and remanded to the trial judge for trial thereon. Benefield made a motion for summary judgment on the cross complaint based upon certain affidavits, the prior Court of Appeals decision and the transcript of evidence in the prior proceeding. Albright amended his answer to the cross claim and set up a counterclaim in the amount of $8,932.06, allegedly expended to correct "defective work" by Elder, the alleged subcontractor, which Benefield failed to have corrected, although his contract is alleged to have required him to do so. The trial judge overruled Benefield's motion for summary judgment and he appealed to this court.

Benefield contends that because there was evidence of defective workmanship and materials on the prior trial and the trial judge found less than the amount sued for by Elder was owed by Benefield, this was an adjudication that the amount of defective material and workmanship was a difference between the amount sued for and the amount found due and owing to Elder by Benefield and is binding on Albright; and that, therefore, he is entitled to recover of Albright the full amount of the judgment obtained against him by Elder. Benefield also concedes in his brief and argument to this court that if this contention is not correct there is an issue of fact to be determined and he is not entitled to a summary judgment.

We are compelled to disagree with appellant Benefield's contention for the following reasons: (1) The trial judge expressly ruled that in rendering the prior judgment in favor of Elder against Benefield he was making no determination of the claim of Benefield against Albright; and, (2) this court on the prior appeal expressly held the merits of Benefield's claim against Albright was not adjudicated in the prior trial and its dismissal was reversed; this is the law of the case, and, (3) the evidence as to the defective material and workmanship on the prior trial as to amount was less than the evidence presented on the motion for summary judgment. We, accordingly, hold that the judgment of the trial judge overruling the motion for summary judgment was correct.

*Judgment affirmed. Quillian and Clark, JJ., concur.*

SUBMITTED JANUARY 9, 1975 — DECIDED
JANUARY 29, 1975.

*Carnes & White, James A. White, Jr.,* for appellant.
*Claude E. Hambrick,* for appellees.