## 54149. DRAPER & KRAMER, INC. v. LEROW.

BIRDSONG, Judge.

Appellant (landlord), the landlord of an apartment complex in which appellee (tenant) resides, appeals from the judgment of the trial court, which denied the writ of possession filed by landlord. The findings and judgment of the trial court are challenged by the landlord.

1. Landlord contends that the trial court erred in refusing to grant landlord's motion for judgment on the pleadings. A motion for judgment on the pleadings should not be granted unless the pleadings establish that under no circumstances would the opposing party prevail. *McClure v. Leasco Computer, Inc.,* 134 Ga. App. 871 (216 SE2d 689) (1975). For the purposes of the motion for judgment on the pleadings, all well-pleaded material allegations of the opposing party's pleadings, are to be taken as true, and all allegations of the moving party which have been denied are taken as false. *Gulf Am. Fire &c. Co. v. Harper,* 117 Ga. App. 356 (160 SE2d 663) (1968); *Hancock v. Nashville Invest. Co.,* 128 Ga. App. 58 (195 SE2d 674) (1973). Here, the tenant denied the landlord's allegation concerning the nonexistence of a valid lease, and, further, stated in her answer to landlord's dispossessory warrant that she was in fact occupying the premises in question under a valid lease. Accordingly, it was not error to deny the motion for judgment on the pleadings.

2. Enumerated errors 2, 6, 7, 9, 10, 11 and 12 relate to the existence of a lease agreement between landlord and tenant. The evidence established that tenant's

ex-husband signed a one-year lease with landlord to commence on April 1, 1973. The lease contained an automatic renewal provision, on a year-to-year basis, cancellable on written notice sixty days prior to the expiration of any rental period. The landlord-tenant relationship existed uneventfully from its inception, notwithstanding the fact that on or about February 14, 1975, tenant's ex-husband vacated the premises and shortly thereafter obtained a divorce. Tenant continued to pay the agreed-upon rental, which landlord accepted without question or comment until January 13, 1976, at which time landlord sent a letter to tenant, stating, inter alia: "We appreciate your past patronage and sincerely hope you will remain with us by signing the enclosed Draper and Kramer, Inc. lease and give us the opportunity to continue the service and appearance which first attracted you to us and has kept you as a resident for this long." The purpose of this communication was, simply, to raise tenant's rent; its unmistakable effect was to recognize the existence of the landlord-tenant relationship, which, taken together with landlord's continued acceptance of tenant's rental payments, estops the landlord from asserting the nonexistence of a valid lease. "Where a landlord treats a lease as assigned, even though the original lessee had no right to assign it without his consent, he is estopped from setting up that the assignment of his contract is made without his consent." *Saunders v. Sasser,* 86 Ga. App. 499, 501 (71 SE2d 709) (1952). The above enumerated errors are without merit.

3. For the reasons discussed above, it was not error to deny landlord's motion for summary judgment.

4. Enumerated errors 5 and 8 attack the validity of the lease on the theory that the lease was unilateral and therefore unenforceable. The trial judge's finding that the lease imposed mutual obligations and is therefore valid is supported by the evidence. The trial judge, sitting without a jury, makes determinations of fact and his verdict will not be overturned if there is any evidence to support it. *Benefield v. Elder Bldg. Supply Co.,* 132 Ga. App. 195, 198 (207 SE2d 678) (1974). There is no error.

5. Landlord contends that the court erred in not

requiring the tenant to pay rental into the registry of the trial court. The record discloses, however, and the trial court found, that rental payments were in fact made, either to the court or directly to the landlord, and were current during the pendency of the action. When supported by the evidence, we may not disturb a determination of fact made by the trial judge. *Benefield,* supra. This enumeration is without merit.

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

SUBMITTED JULY 6, 1977 — DECIDED SEPTEMBER 15, 1977 —
REHEARING DENIED OCTOBER 5, 1977.

*Lefco & Zuckerman, Stanley M. Lefco,* for appellant.
*William R. Carlisle,* for appellee.

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*