## 54140. MAUGHAN v. TURNER COMMUNICATIONS CORPORATION.

BIRDSONG, Judge.

Appellee Turner Communications Corporation ("Turner") brought suit against John F. Maughan, d/b/a Marcon Advertising ("Maughan") and Environmental Homes, Inc. ("Environmental"), alleging that Maughan and Environmental were jointly and severally liable to Turner for payments due under an outdoor advertising sign contract ("contract"). A bench trial was held, and the trial judge found in plaintiff's favor against both defendants in the sued-for amount. Maughan appeals from that judgment.

1. Enumerated errors 1-4 attack the trial judge's

finding that Maughan was individually and jointly liable, together with Environmental, on the contract. On the same basis, in enumerated errors 5-6, appellant argues that the trial court erred in failing to grant appellant's motion to dismiss. The essence of appellant's argument appears to be that he was acting in the capacity of a disclosed agent, on behalf of a disclosed principal, and should therefore escape liability on the contract.

The issue is whether there is sufficient evidence to support the finding that Maughan is liable on the contract. "The question to whom the credit is given is a question of fact to be decided by the jury under the circumstances in each case." Code Ann. § 4-406; *Dickey v. Planes, Inc.,* 138 Ga. App. 99 (225 SE2d 506) (1976). The trial judge, sitting without a jury, makes determinations of fact and his verdict will not be overturned if there is any evidence to support it. *Benefield v. Elder Bldg. Supply Co.,* 132 Ga. App. 195, 198 (207 SE2d 678) (1974). On appeal, the evidence must be construed so as to uphold the verdict, even where there are discrepancies. *Smith v. Hornbuckle,* 140 Ga. App. 871 (232 SE2d 149) (1977).

Here, the evidence established that appellant signed a contract which plainly stated: "We (the undersigned) hereby authorize and contract for one (1) painted advertising displays [sic]. . ." This amply authorized the trial judge's finding of joint and several liability on the part of appellant, and justified the refusal to grant a motion to dismiss. There is no error.

2. Enumerated error number 5, contesting the trial judge's finding that the appellant canceled the contract or waived objection to its breach is without argument or citation of authority and is therefore deemed abandoned. *Cochran v. Baxter,* 142 Ga. App. 546 (236 SE2d 528) (1977).

3. There being no reversible error, the judgment is affirmed.

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

Argued July 6, 1977 — Decided September 15, 1977.

*McCready Johnston,* for appellant.
*Schreeder, Wheeler & Flint, David H. Flint,* for appellee.