## 54886. FILSOOF v. CHATHAM.

McMurray, Judge.
R. Pierce Chatham sold certain property located at 2479 Peachtree Road, Atlanta, Georgia, but retained a ground lease and retained ownership of the highrise apartment complex located thereon. He then leased the property to another, operating as Georgian White House Operating Company. This lease was amended in several

particulars and provided that the premises could not be subleased without prior written consent of Chatham and allowed Chatham to collect rent from assignees even if the assignment was in violation of the lease and further provided that no such collection shall be deemed a waiver of the covenant against subletting. This lease was subsequently purchased by White House Tower, Inc. Fred F. Filsoof was the attorney who represented White House Tower, Inc., was secretary of this corporation and also its registered agent. Thereafter the lease became in default and Chatham was left with a considerable amount of bills to pay, and the required payment to the first mortgage holder was not made.

Thereafter, the Superior Court of Fulton County, in a case filed therein, foreclosed and terminated the leasehold interest of both Georgian White House Operating Company and White House Tower, Inc. and restored the property to Chatham.

Upon taking possession of the property pursuant to the aforesaid court order, Chatham learned for the first time that Filsoof was occupying an apartment on the premises and there was no record of rental payments. The resident manager notified Filsoof of the rent for his tenancy and the requirement of a one-year lease. Whereupon, Filsoof contended he had a paid-up lease for three years from White House Tower, Inc. in settlement of charges for work he had rendered on behalf of this corporation prior to its tenancy. Filsoof refused to pay rent to Chatham and refused to vacate the premises.

Chatham brought this dispossessory proceeding against Filsoof as a tenant holding over. Filsoof answered denying the complaint, set up his defense of a duly executed written three-year lease as paid in advance and also contended that the plaintiff was not the owner of the property in question and could not maintain the action.

A bench trial was held, and the court entered its findings of fact and conclusions of law. The findings of fact contain in substance the above admitted facts. The court's conclusions of law were that the defendant had become a tenant at sufferance of the plaintiff by operation of law as of the date of the foreclosure and termination of the leasehold interest of the defendant's sublessor; that the

landlord and tenant relationship between plaintiff and defendant was established further when plaintiff recognized defendant as his tenant and demanded rental and a signed lease. Whereupon the court entered judgment for all rents due at the rate of $490 per month from January 12, 1977, to the date the defendant vacates the subject premises, to be paid into the registry of the court "pursuant to Code Ann. § 61-304, to be held during the pendency of any appeal." A writ of possession was issued against the defendant. Defendant appeals. *Held:*

The enumerations of error are concerned with the conclusion of law by the court that the defendant was a tenant at sufferance in that he contended he was a subtenant and that the action should be dismissed based upon a motion to dismiss. The landlord and tenant relationship between Chatham and Georgian White House Operating Company clearly shows that the premises or any part thereof could not be subleased without the prior written consent of Chatham, but allowed Chatham to collect rents from assignments even if the assignment was in violation of the lease, and no such collection could be deemed a waiver of the covenant against subletting. No such written consent of Chatham was obtained when White House Tower, Inc. sought to purchase the lease and entered into possession of the premises and did sublet an apartment to the defendant. When Chatham learned that the terms of his lease had been violated in a number of particulars an action was brought foreclosing and terminating the leasehold interest of both Georgian White House Operating Company and White House Tower, Inc. Thereafter, when the property was restored to Chatham he found the defendant occupying the apartment, recognized him as a tenant and requested the payment of rent which was refused, ostensibly because the defendant had a three-year lease with the so-called sublessor who was never recognized by Chatham. Defendant thus became plaintiff's tenant by operation of law once the original lease was foreclosed, which terminated the interest of both corporations. See *Williams v. Federal Land Bank of Columbia,* 44 Ga. App. 606 (162 SE 408); *Uvalda Naval Stores Co. v. Cullen,* 165 Ga. 115 (139 SE 810); *Carlton v.*

*Hibernia Savings, Bldg. &c. Assn.,* 185 Ga. 425 (195 SE 764); *Crain v. Daniel,* 79 Ga. App. 647 (3) (54 SE2d 487); *First Fed. Savings &c. Assn. of Atlanta v. Shepherd,* 131 Ga. App. 692 (1) (206 SE2d 571). A tenant has no right to impose his subtenancy upon the landlord without his consent and if this is attempted the subtenant becomes the tenant of the landlord if the landlord elects to recognize him as such. Here the landlord recognized the so-called subtenant as his tenant upon repossession and proceeded against him for holding over as a tenant at sufferance. The trial court did not err in holding the defendant was a tenant at sufferance holding over after nonpayment of the rent and in denying the defendant's motion to dismiss the complaint.

*Judgment affirmed. Bell, C. J., and Smith, J., concur.*

SUBMITTED NOVEMBER 1, 1977 — DECIDED JANUARY 4, 1978.

Fred F. Filsoof, *pro se.*
*Robert Strickland, Jr.,* for appellee.