### 68643. STEP AHEAD, INC. v. LEHNDORFF GREENBRIAR, LTD.

DEEN, Presiding Judge.

Hirsch's Greenbriar, Inc. (Hirsch's), leased retail space in Greenbriar Mall for 20 years, beginning in August 1965, from Lehndorff Greenbriar, Ltd. (Greenbriar). The lease stipulated that the lessee received only a usufruct and further provided that it could not be assigned or the premises sublet without the prior written consent of Greenbriar. On December 28, 1982, Step Ahead, Inc. d/b/a Cavalier Fashions (Step Ahead), entered into an agreement with Hirsch's for possession of Hirsch's retail space in Greenbriar Mall. While Step Ahead was apparently given assurances by Hirsch's that approval for this agreement would be forthcoming, written consent was never obtained. Step Ahead moved into the mall space early in January 1983. Greenbriar was aware of appellant's presence on the premises, as Step Ahead participated in a mall-sponsored sidewalk sale and in media advertising under the mall's name. Step Ahead paid rent to Hirsch's, who in turn paid Greenbriar. However, a provision in the lease required the reporting of the store's income to the mall management for determining that portion of the rent which was based on a percentage of gross sales, and there was evidence to show that the management contacted Step Ahead several times to obtain this figure. Appellant also participated in the Greenbriar Tenants' Association and Jad Fino, appellant's store manager and president, was nominated to serve on the Board of Directors of the Association. The mall management also had representatives on the board. Other evidence of the landlord's knowledge of the sublease included discussions between the mall manager and Fino about the possibility of a new lease after the present one expired, and a discussion between the mall management and appellant's "sign man" about the sign Step Ahead intended to erect, and did in fact erect, on the store front facing the mall. Appellant also testified that he had discussed his plans for improvements to the space with the mall manager.

Approximately seven months after Step Ahead went into possession of the premises, Hirsch's and Greenbriar entered into a mutual cancellation of lease agreement which purported to terminate the rights of Hirsch's and its successors, assigns, or sublessees under the terms of the lease, and Greenbriar demanded immediate possession. On September 14, 1983, Greenbriar filed dispossessory proceedings against Hirsch's and Step Ahead. Subsequently, a jury trial was con-

ducted in the proceeding against Step Ahead, and after the presentation of all the evidence, the court granted Greenbriar's motion for a directed verdict. Step Ahead appeals. *Held*:

A tenant who has only a usufruct cannot convey it without the consent of the landlord. OCGA § 44-7-1 (Code Ann. § 69-101). Where an assignment is made that violates a statutory or contractual provision against assignment, "the transferee in such a case would be a mere intruder and subject to be summarily ousted by the landlord." *Bass v. West*, 110 Ga. 698 (5) (36 SE 244) (1900). A tenant has no right to impose his subtenancy upon the landlord without his consent. *Filsoof v. Chatham*, 144 Ga. App. 464, 467 (241 SE2d 582) (1978). The provision against assignment, however, is solely for the protection or convenience of the landlord and may be waived and, when the landlord treats the lease as assigned, he is estopped from denying the validity of the assignment. *Carparking v. Chappell's*, 96 Ga. App. 862 (101 SE2d 894) (1958); *Saunders v. Sasser*, 86 Ga. App. 499 (7) (71 SE2d 709) (1952). "While the landlord is not bound as to facts of which he does not have knowledge (*Walker v. Wadley*, 124 Ga. 275, 52 S.E. 904), if he has actual knowledge of the fact of assignment, it is his duty to make inquiry, and he will be deemed to know all things to which such inquiry would lead [Cits.]" *Carparking v. Chappell's*, supra at 865. Where the landlord treats the lease as assigned, even though the original lessor had no right to assign it without his consent, the landlord is estopped from claiming that the assignment is made without his consent. *Saunders v. Sasser*, supra; *Draper & Kramer v. Lerow*, 143 Ga. App. 413 (238 SE2d 560) (1977).

If the lessee of real estate having only a usufruct sublets or assigns the lease to another, the landlord may, by affirmative acts, elect to treat the sublessee or assignee occupying the premises as his immediate tenant. *Hudson v. Stewart*, 110 Ga. 37, 39 (35 SE 178) (1899); *McDonald v. Bell*, 23 Ga. App. 562 (1) (99 SE 54) (1919). In *Liberty Loan Corp. of Lakewood v. Leftwich*, 118 Ga. App. 383 (163 SE2d 837) (1968), the court held that if someone other than the lessee or his recognized assignee occupies the premises and pays rent to the landlord as if he were a subtenant, the landlord may elect to treat him as a tenant occupying under the lease and bind himself and the tenant to the unexpired portion of the lease or expel him as a mere intruder. The landlord's election may be effected by an express recognition of the subtenant or be implied from affirmative acts and conduct. The election establishes privity of contract between the subtenant and the landlord and renders the former liable to the landlord as a tenant. *Leftwich v. Liberty Loan Corp. of Lakewood*, 116 Ga. App. 799 (159 SE2d 142) (1967); *Lawson v. Haygood*, 202 Ga. 501 (1) (43 SE2d 649) (1947).

It is necessary, therefore, to determine what acts indicate the

landlord's acceptance of the subtenant as his tenant. The landlord's mere acceptance of rent and directing the tenant to make necessary repairs and deduct the cost from the rent does not indicate that the landlord elected to treat the subtenant as his tenant so as to release the original tenant from liability under the lease. *Hooks v. Bailey*, 5 Ga. App. 211 (62 SE 1054) (1908). If, however, the landlord treats the lease as assigned, he is estopped to claim the assignment was made without his consent. *Draper & Kramer v. Lerow*, supra at 414. " '[A] contract of substitution (of tenants) may be created . . . by a mutual course of conduct indicating consent, as well as by express words. What course of conduct or what acts are sufficient to cause such contract to be implied is generally for the jury.' [Cits.]" *Kaufman Bros. & Co. v. Pappas*, 45 Ga. App. 479, 482 (165 SE 326) (1932).

In the instant case, the twenty-year lease stipulated that the tenant received only a usufruct and expressly prohibited assignment of the interest or subletting of the premises without the landlord's prior written consent. The evidence showed that Step Ahead was in possession with the landlord's knowledge for approximately seven months before the landlord entered into the agreement with Hirsch's to terminate the lease. While these facts alone probably would not be sufficient to find that Greenbriar had accepted Step Ahead as its tenant, all of the evidence as to Greenbriar's relations with Step Ahead raise a jury question as to whether Step Ahead had been accepted as a tenant and thus entered in to privity of contract with Greenbriar, and the landlord could not terminate the underlying lease without Step Ahead's consent.

Accordingly, we find the trial court erred in directing a verdict in favor of Greenbriar.

*Judgment reversed. McMurray, C. J., and Sognier, J., concur.*

DECIDED JULY 12, 1984 —
REHEARING DENIED JULY 30, 1984.

*William H. Major, Michael R. Hurst*, for appellant.
*S. Andrew McKay, Dana G. Diment, Harold E. Abrams*, for appellee.