75601. HAND et al. v. PELHAM BANKING COMPANY et al.
(368 SE2d 129)

BENHAM, Judge.

In an attempt to produce a low-interest loan from the Mitchell County Development Authority (Authority) to Fred Hand III, the following steps were taken: Hand deeded four tracts of land to the Authority; the Authority gave a note and deed to secure debt to appellee Pelham Banking Company (Pelham); the Authority leased the property to Hand; and the Authority assigned the lease to Pelham to secure payment from Hand. The lease agreement required Hand to pay $5,083.33 per month and provided, inter alia, that the lessee (Hand)

could assign or sublease the property without Pelham's consent, and that the assignee or sublessee assumed the obligation of the lessee to the extent of the interest assigned. Several months after the initial transactions, Hand subleased a portion of one of the properties to B. C. Moore and Sons, Inc. (Moore) for a ten-year term with a five-year option on the property at a monthly rental of $1,750. Pelham consented to the sublease agreement and subordinated its lien of the security deed to that agreement, but retained priority in all other liens and agreements. Hand later assigned all his interest in the main lease and sublease to Hand Properties, Number One, Inc., and Pelham also agreed to that assignment. Hand Properties in turn assigned its rights in the sublease agreement to appellants Frances K. H. Hand and L. H. Hays, Jr. for $25,000 consideration. In the same month in which that assignment was recorded, Hand defaulted on his lease obligations. Pelham instituted foreclosure proceedings in accordance with the security deed, and notified Moore that future rental payments should be made to Pelham and not to Hand or his designee. Appellants also claimed entitlement to the rental payments, and Moore filed an interpleader action to have the court decide to whom the payments should go. Appellants brought an action against Pelham for the rental proceeds. By stipulation of the parties, the actions were consolidated for determination at the trial level, and the trial court decided that appellants had no claim to the escrowed or future rental proceeds from Moore, and that those funds belonged to Pelham. Appellants here contest that determination. We affirm.

Although appellants set out six enumerations of error, we find, as did the trial court, that "the only issue in contention is whether or not the subordination agreement of the lender [Pelham] [in] the 'Addendum to Lease Agreement' . . . is a release of the lender's claim to the rentals accruing under the B. C. Moore & Sons, Inc., sublease. . . ." Our review of the record reveals that in deciding that Pelham did not release its claim to the Moore rentals, the trial court considered all of the necessary information and properly resolved the dispute.

Ordinarily, if a lessee subleases his property to a third party after a security deed has been executed between the lessee and lessor, and the lessor exercises his power of sale under the security deed, the sublessee becomes a tenant at sufferance of the lessor by operation of law and the lessor is entitled to evict the sublessee. *Filsoof v. Chatham,* 144 Ga. App. 464 (241 SE2d 582) (1978); *First Fed. Savings &c. Assn. v. Shepherd,* 131 Ga. App. 692 (1) (206 SE2d 571) (1974). In the case before us, however, the lessor consented to the sublease agreement between Hand and Moore and elected to subordinate its lien of the previously executed security deed, thereby relinquishing its right to evict the sublessee. Cf. *Filsoof,* supra. Appellants, Hand's assignees,

were subject to that agreement. "With respect to [a sublessee], the effect of the election is to establish a privity of contract between the landlord and the [sublessee] so as to render the latter liable to the landlord as tenant under the terms of the original lease. [Cit.]" *Leftwich v. Liberty Loan Corp.*, 116 Ga. App. 799, 800 (159 SE2d 142) (1967). When Hand defaulted on his monthly rental payments to Pelham and Pelham foreclosed on the property, Hand's assignees, whose rights under the assignment can be no more than the assignor's (*Healey v. Morgan*, 135 Ga. App. 915 (219 SE2d 628) (1975)), lost their right to receive the rental proceeds from Moore. Hand was dispossessed from the property and his leasehold relationship with Pelham was thereby terminated, which in turn terminated Hand's leasehold relationship with Moore. Therefore, the rents payable by Moore for the sublease of the property were owed to Pelham as landlord, and not to appellants, notwithstanding the fact that appellants had given consideration to Hand for the assignment of the rents to them. The trial court did not err in its decision.

*Judgment affirmed. Banke, P. J., and Carley, J., concur.*

DECIDED MARCH 9, 1988 —
REHEARING DENIED MARCH 23, 1988 — 

*Fred B. Hand, Jr.*, for appellants.
*James C. Brim, Jr., Frank C. Vann*, for appellees.