A90A0947. COMMONWEALTH FINANCIAL CORPORATION v.
SHERRILL.
(398 SE2d 438)

BIRDSONG, Judge.

Commonwealth Financial Corporation ("Commonwealth") appeals from the judgment of the trial court, after a bench trial, in favor of Mike Sherrill d/b/a Bedtime Waterbed Sleep Shoppe. Commonwealth alleges that the trial court erred by entering verdict and judgment for Sherrill and by denying its motion for award of attorney fees and litigation expenses. *Held*:

1. The record shows that Commonwealth received an assignment of Wright's Furniture Mills' ("Wright's") accounts receivable under a security agreement after Wright's defaulted on a debt. After unsuccessful efforts to obtain payment, Commonwealth sued Mike Sherrill d/b/a Savannah Bedtime Sleep Shoppe and later amended the complaint to name the defendant as "Mike Sherrill d/b/a Bedtime Waterbed Sleep Shoppe." Although Sherrill's answer asserted that the debt was not his but was a debt of a corporation, the Bedtime Sleep Shop, Inc. ("Bedtime Sleep Shop"), Commonwealth never amended its complaint to add Bedtime Sleep Shop as a defendant.

Sherrill's contention that Bedtime Sleep Shop owed the money is a defense to the action against him personally. "An inherent purpose of incorporation is insulation from liability. A corporation possesses a legal existence separate and apart from that of its officers and shareholders so that the operation of a corporate business does not render officers and shareholders personally liable for corporate acts. [Cit.]" *Derbyshire v. United Bldrs. Supplies,* 194 Ga. App. 840, 844 (392 SE2d 37).

The record reveals that articles of incorporation were issued to Bedtime Sleep Shop by the Georgia Secretary of State in 1983 and at that time Sherrill was not a stockholder of the corporation. Then in 1984 and 1985 Sherrill purchased all the corporation's stock. The record further shows that Wright's was doing business with Bedtime Sleep Shop before Sherrill purchased any of the stock and that Sherrill had nothing to do with establishing Bedtime Sleep Shop's account with Wright's. This is significant as the controlling period is the time when the credit was originally extended. See *Jones v. Burlington Indus.,* 196 Ga. App. 834 (397 SE2d 174). Moreover, there is no evidence in the record that Sherrill changed any of the terms or conditions on which Bedtime Sleep Shop did business with Wright's after he purchased the stock of the corporation. No documents were introduced

nor any witnesses called from Wright's showing that this was Sherrill's debt rather than the Bedtime Sleep Shop's, and moreover, no evidence was presented that Wright's was unaware that it was doing business with a corporation, or that Wright's believed it was doing business with Sherrill personally. Indeed, one of Commonwealth's officers acknowledged that there was no evidence that Sherrill individually owed the money nor any evidence that Sherrill had guaranteed the debt, and this witness further testified that Commonwealth had access in Wright's records to a copy of a credit report showing that Wright's was doing business with the Bedtime Sleep Shop.

Although Commonwealth presented evidence showing that Sherrill's operation of the corporation was far less than a model of proper corporate procedures and in many instances did not comply with legal requirements for operating in a corporate capacity, this is of no legal significance in this case since there was no evidence that Wright's was misled by any of these actions or that they resulted in any detriment to Wright's or anyone else, including Commonwealth. See *Hyzer v. Hickman*, 195 Ga. App. 213, 216 (393 SE2d 79). "The concept of piercing the corporate veil is applied in Georgia to remedy injustices which arise where a party has over extended his privilege in the use of a corporate entity in order to defeat justice, perpetrate fraud, or evade contractual or tort responsibility." (Punctuation and citation omitted.) *Cheney v. Moore*, 193 Ga. App. 312-313 (387 SE2d 575). Despite the evidence showing Sherrill's shortcomings in running a corporation, there was no evidence showing that Sherrill disregarded the separation of the corporate entity by commingling assets or abusing the corporate form. *Derbyshire v. United Bldrs. Supplies*, supra; compare *Anderson v. Chatham*, 190 Ga. App. 559, 562 (379 SE2d 793).

Therefore, as Commonwealth was proceeding on an assignment of Wright's interest, the absence of evidence authorizing Wright's to proceed against Sherrill individually is fatal to Commonwealth's claim against him. Commonwealth had no greater claim against Sherrill or Bedtime Sleep Shop than Wright's possessed. *Hand v. Pelham Banking Co.*, 186 Ga. App. 520, 522 (368 SE2d 129). Accordingly, since Commonwealth introduced no evidence authorizing Wright's to proceed directly against Sherrill, Commonwealth had no right to do so.

OCGA § 9-11-52 (a) provides that findings of trial courts in nonjury trials "shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." "The clearly erroneous test is the same as the any evidence rule. Thus an appellate court will not disturb fact findings of a trial court if there is any evidence to sustain them." (Citations and punctuation omitted.) *Kimbrell v. Effingham Bd. of Tax*

*Assessors*, 191 Ga. App. 544, 545-546 (382 SE2d 388). Since the transcript of evidence in this case supports the findings of fact of the trial court that Commonwealth simply failed to prove its case against Sherrill individually, there is no basis to disturb them. Accordingly, Commonwealth's first enumeration of error is without merit.

2. In view of the affirmance of the trial court in Division 1, Commonwealth's enumeration concerning the denial of its motion for attorney fees and litigation expenses is plainly without merit.

*Judgment affirmed. Banke, P. J., and Cooper, J., concur.*

DECIDED OCTOBER 29, 1990.

*Gregory N. Crawford*, for appellant.
*Oldfield & Wilson, James O. Wilson, Jr.*, for appellee.